688 P.2d 1263

**Josina ROMERO, Plaintiff-Appellant,**

v.

**OLE TIRES, INC., Defendant-Appellee.**

**No. 7567.**

Court of Appeals of New Mexico.

Sept. 11, 1984.

Eric Treisman, Santa Fe, for plaintiff-appellant.

Fletcher R. Catron, Catron, Catron & Sawtell, P.A., Santa Fe, for defendant-appellee.

## OPINION

MINZNER, Judge.

Plaintiff Josina Romero appeals from the district court's decision granting summary judgment to defendant Ole Tires, Inc. We affirm.

Romero filed a complaint for money damages on July 28, 1982, alleging negligence, carelessness, and recklessness against Jerry Mondragon as a result of an automobile accident on August 21, 1979. The complaint was filed some twenty-four days before the running of the applicable statute of limitations and named only Mondragon as party defendant.

Mondragon's deposition was taken on November 4, 1982, after the statute of limitations had run. During the deposition, Romero and her present attorney learned for the first time that Mondragon was employed by Ole Tires at the time of the accident. The record does not reflect whether Romero's first attorney, retained shortly after the accident, knew of or attempted to discover this fact.

Romero moved to amend her complaint on November 30, 1982, to include a respondeat superior claim against Ole Tires based on Mondragon's deposition testimony. The trial court granted her motion on December 20, 1982. Romero then entered into a settlement with Mondragon personally and executed a release on December 21, 1982. Mondragon was dismissed on January 5, 1983, and Romero proceeded against Ole Tires on the respondeat superior claim. Service of the summons and amended complaint was made upon Ole Tires on January 18, 1983.

Ole Tires moved for summary judgment on August 8, 1983. Romero then moved to amend her complaint to assert an additional claim against Ole Tires, negligent entrustment, on the basis that Ole Tires knew or should have known that Mondragon was unfit to drive a vehicle.

The district court filed its final judgment on October 3, 1983, dismissing Romero's complaint against Ole Tires on two grounds:

1. The statute of limitations is a bar to plaintiff's bringing of this action against defendant Ole Tires, Inc., the requirements of New Mexico Rule of Civil Procedure 15(c) not having been met.

2. Regardless of the wording of the particular Release given by plaintiff to defendant Jerry Mondragon, the Release of defendant Jerry Mondragon releases his employer, defendant Ole Tires, Inc.[,] liability of the employer being predicated solely on *respondeat superior*.

The district court never ruled expressly on Romero's second motion to amend, presumably because of its ruling on the statute of limitations defense.

Romero argues that the respondeat superior claim which represents the addition of a party and of a claim against the party is not barred by the three-year statute of limitations provided by NMSA 1978, Section 37–1–8, because the amended complaint relates back to the timely filing of the original complaint. *See* NMSA 1978, Civ.P.R. 15(c) (Repl.Pamp.1980). Ole Tires contends that the necessary requirements of the relation back rule are not satisfied as to this claim. Alternatively, Ole Tires argues that the release barred the first amended complaint and that the statute of limitations would bar the negligent entrustment claim, because the necessary requirements of the relation back rule are not satisfied as to this claim.

We affirm the trial judge's conclusion that the requirements of Rule 15(c) have not been met as to the first claim. As a result, we do not reach the issue of the release. Further, we hold that his conclusion as to the first claim effectively disposes of the second claim.

1. *Respondeat Superior Claim*

There is no dispute that Romero did not assert this claim against Ole Tires until the statute of limitations had run. Absent grounds for avoiding the statute, Ole Tires was entitled to summary judgment as a matter of law. *Cf. Mantz v. Follingstad*, 84 N.M. 473, 505 P.2d 68 (Ct.App.1972) (trial judge properly dismissed claims as time-barred at beginning of trial).

Romero can avoid the statute's bar if the first amended complaint relates back to the filing of the original complaint under the requirements of Rule 15(c). *See generally* 3 J. Moore, *Moore's Federal Practice* ¶ 15.15[4.–2] (1984).

Ole Tires, as the party moving for summary judgment, had the burden of making a prima facie showing that there was no genuine issue of material fact and that it was entitled to judgment as a matter of law. *Goodman v. Brock*, 83 N.M. 789, 498 P.2d 676 (1972). Ole Tires made its prima facie case as to the statute of limitations by demonstrating the respective dates on which the accident occurred and the amended complaint was allowed. Thereafter, Romero had the burden of showing the existence of facts that would satisfy the requirements of Rule 15(c). *Cf. Stringer v. Dudoich*, 92 N.M. 98, 583 P.2d 462 (1978) (the party claiming that a statute of limitations should be tolled, in resisting a motion for summary judgment, has the burden of alleging sufficient facts that, if proven, toll the statute).

Rule 15(c) provides:

Whenever the claim or defense asserted in the amended pleading arose out of the conduct, transaction or occurrence set forth or attempted to be set forth in the original pleading, the amendment relates back to the date of the original pleading. An amendment changing the party against whom a claim is asserted relates back if the foregoing provision is satisfied and, within the period provided by law for commencing the action against him, the party to be brought in by amendment (1) has received such notice of the institution of the action that he will not be prejudiced in maintaining his defense on the merits, and (2) knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against him.

There is no dispute between the parties that this claim arose out of the occurrence set forth in the original pleading. The

dispute concerns whether conditions (1) and (2) are satisfied by the facts of this case.

■ Romero must satisfy Rule 15(c)(1) and (2) to establish that the amended complaint relates back. With the amended complaint, Romero was seeking to add a party to the lawsuit. The word "changing" should be given a liberal construction, so that amendments adding or dropping parties as well as amendments that substitute parties fall within the Rule. *See* 6 C. Wright & A. Miller, *Federal Practice and Procedure* § 1498, at 511 (1971).

■ Under Rule 15(c)(1) and (2), the party to be added must receive "such notice" of the institution of the action that he or she will not be prejudiced in maintaining the defense and must know, or should have known, that "but for a mistake concerning the identity of the proper party," the plaintiff would have brought the action against the new party. The rule contains at least two notice requirements, both of which must be satisfied within the limitations period. *See generally* Note, *Federal Rule of Civil Procedure 15(c): Relation Back of Amendments*, 57 Minn.L.Rev. 83 (1972). The required notice may be formal or informal. *See* Fed.R.Civ.P. 15(c), Advisory Committee's Note, 39 F.R.D. 83 (1966). The notice requirements protect the defendant's right to invoke a statute of limitations defense. *See* 6 Wright & Miller, § 1498 (Supp.1983).

■ Although Romero stresses several facts in support of her contention that the first notice requirement was satisfied, we need not decide what notice Rule 15(c)(1) requires, because under the facts of this case Romero has not demonstrated that within the limitations period Ole Tires knew or should have known that "but for a mistake concerning the identity of the proper party, the action would have been brought against" Ole Tires. *See* Rule 15(c)(2). The facts on which Romero has relied do not establish a "mistake" within the meaning of Rule 15(c)(2).

There is no evidence of any action on the part of Ole Tires that constitutes grounds for estoppel regarding mistake as to proper party. *See Slack v. Treadway Inn of Lake Harmony, Inc.,* 388 F.Supp. 15 (M.D.Pa. 1974). There is no evidence of inadvertence due to mistaken identity. This is not a case of misnomer. *Cf. Greig v. Griffel,* 49 Ill.App.3d 829, 7 Ill.Dec. 499, 364 N.E.2d 660 (1977) (construing Illinois statute permitting a party to be added after the statute of limitations has run when the failure to join was "inadvertent"). No other grounds justifying application of Rule 15(c) are reflected in the record. Rather, the situation appears to be one in which, lacking information that might have been discovered, a party did not plead a potential claim.

Romero has argued that we should adopt a more liberal definition of "mistake." *See Williams v. Avis Transport of Canada, Ltd.,* 57 F.R.D. 53 (D.Nev.1972) ("[a] mistake within the meaning of the rule exists whenever a party who may be liable for the actionable conduct alleged in the Complaint was omitted as a party defendant," 57 F.R.D. at 55). *Accord Taliferro v. Costello,* 467 F.Supp. 33 (E.D.Pa.1979).

■ The language of these cases seems to us too expansive in light of the purpose behind Rule 15(c). *See Raven v. Marsh,* 94 N.M. 116, 607 P.2d 654 (Ct.App.1980). The word "mistake," as used in Rule 15(c), does not ordinarily encompass failure to include a proper party as a result of lack of knowledge that the party exists. *See Wood v. Worachek,* 618 F.2d 1225 (7th Cir.1980). The parties here do not fall within any exception to this principle.

■ The cases cited by Romero in fact do require more than the absence of a potentially liable party. They also require that, within the limitations period, the party to be added know or have reason to know that it was a likely party to the plaintiff's suit. Such a requirement protects the potential defendant's right to rely

on the statute of limitations. Absent such knowledge the defendant is entitled to assume that, if it is not joined prior to the limitations period, the statute will bar the plaintiff's claim. *Cf. CCF Industrial Park, Inc. v. Hastings Industries, Inc.*, 392 F.Supp. 1259 (E.D.Pa.1975) (when the plaintiffs were in possession of facts on which they might have based a claim, and the defendant knew the plaintiffs had such facts, the defendant had no reason to suspect a mistake as opposed to a strategic choice of defendant).

Wright and Miller advocate a "reasonable man" test to determine whether the party should have known that it was a party the plaintiff intended to sue. *See* 6 Wright and Miller, § 1498, at 515. The cases cited by Romero are consistent with such a test. In these cases, the party to be added within the limitations period had reason to know that it was a likely party to the plaintiff's suit.

■ Mondragon notified the president of Ole Tires, Benny Bachicha, of the accident shortly after it happened. Prior to the running of the statute, Mondragon took the complaint to Bachicha. On both occasions Bachicha sent Mondragon to his insurance agent, which was a company Bachicha owned. Bachicha stated, in undisputed affidavit testimony, that he was not aware that Mondragon was on company business at the time of the accident.

Dan Bachicha, the manager of Ole Tires, knew that Mondragon commonly ran errands for Ole Tires as well as others during any given day. He, too, testified that Mondragon informed him of the accident.

This is evidence that Ole Tires possessed facts from which, at least on further inquiry, it might have anticipated Romero's attempt to add the respondeat superior claim. Nevertheless, the record does not contain any evidence that Ole Tires had reason to make further inquiry. The circumstances under which Ole Tires learned of the lawsuit gave no hint that Romero

contemplated suing Mondragon's employer and but for a mistake of fact or law would have done so. On these facts, Ole Tires was entitled to assume that, unless joined within the limitations period, the statute would bar any claims that Romero might have against Ole Tires.

In applying Rule 15(c) as a whole, courts have examined the facts of the case to determine whether relation back would be inconsistent with the notice requirements in the Rule. *See Hampton v. Hanrahan*, 522 F.Supp. 140 (N.D.Ill.1981). Rule 15(c)(2) must be applied in a similar fashion. On the facts of the record before us, recognition of a "mistake" in this case would be inconsistent with the notice requirement inherent in this segment of the Rule. The trial judge properly granted summary judgment.

### 2. *Negligent Entrustment Claim*

■ Although the trial court did not rule on the second motion to amend, raising the negligent entrustment claim, the ruling on the motion for summary judgment generally concludes that the requirements of Rule 15(c) were not met. Having granted the motion for summary judgment, the court had discretion to deny the pending motion to amend. *See Hamilton v. Hughes*, 64 N.M. 1, 322 P.2d 335 (1958).

Because we agree with the trial court that the requirements of Rule 15(c) were not met as to the first amended complaint, Romero's motion to file a second amended complaint must be construed as a further attempt to add a party to the lawsuit. As a result, she would have to satisfy Rule 15(c)(1) and (2) to establish that the second amended complaint relates back. In view of our decision as to the first amended complaint, we conclude that the trial court effectively exercised its discretion to deny the pending motion, and we can find no abuse of discretion in that decision.

Summary judgment in favor of Ole Tires is affirmed. Having construed the record below as a denial of the pending motion to

amend, we also affirm that denial. Romero shall bear her appellate costs.

IT IS SO ORDERED.

NEAL and BIVINS, JJ., concur.