765 P.2d 1187

**Debbie Gail RIVERA, Personal Representative of the Estate of Robert Lee Rivera, Deceased, Plaintiff–Appellant,**

v.

**Bruce KING, Governor of the State of New Mexico; Felix Rodrigüez, Secretary of Corrections & Criminal Rehabilitation; Jerry Griffin, Warden of the Penitentiary of the State of New Mexico; Greg Roybal; Jose Anaya; Michael Schmitt; and New Mexico Department of Corrections, Defendants–Appellees.**

**No. 10022.**

Court of Appeals of New Mexico.

Oct. 18, 1988.

Certiorari Denied Nov. 18, 1988.

Certiorari Denied Nov. 21, 1988.

**6**

Jon T. Kwako, Albuquerque, for plaintiff-appellant.

Wayne C. Wolf, W.J. Wilson, Jr., Civerolo, Hansen & Wolf, P.A., Albuquerque, for defendants-appellees, Bruce King and State of N.M.

Douglas A. Baker, Timothy R. Van Valen, Modrall, Sperling, Roehl, Harris & Sisk, P.A., Albuquerque, for defendants-appellees, Felix Rodriguez and the Corrections and Criminal Rehabilitation Dept.

Patrick M. Shay, Andrew G. Schultz, Rodey, Dickason, Sloan, Akin & Robb, P.A., Albuquerque, for defendants-appellees, Jerry Griffin, Greg Roybal, Jose Anaya and Michael Schmitt.

## OPINION

BIVINS, Judge.

Plaintiff Debbie Gail Rivera appeals from orders of the trial court dismissing her claims against defendants for damages for the death of her spouse, Robert Lee Rivera, who was tortured to death by other inmates during the riot of February 1980 at the penitentiary of New Mexico. For the reasons discussed below, we affirm in part and reverse in part.

1. *Timeliness of the Appeal as to Issues Concerning the State of New Mexico*

Plaintiff's notice of appeal was filed May 20, 1987. Defendant state of New Mexico argues that plaintiff's notice of appeal was not timely as to the order of March 11, 1986, dismissing her claims against the state under the Tort Claims Act, NMSA 1978, Sections 41-4-1 to -27 (Repl.1986 & Cum.Supp.1988), and the federal Civil Rights Act, 42 U.S.C. Section 1983 (1982). We agree.

A notice of appeal must be filed within thirty days of a final judgment.

NMSA 1978, § 39-3-2; SCRA 1986, 12-201. Timely filing of the notice of appeal is jurisdictional. *Mabrey v. Mobil Oil Corp.*, 84 N.M. 272, 502 P.2d 297 (Ct.App.1972). Plaintiff argues the order dismissing the state was not final because it does not contain the language required by SCRA 1986, 1-054(C)(1), that there is "no just reason for delay." We disagree.

Rule 1-054(C)(1) applies when a court enters a final judgment on one or more but fewer than all *claims*. In this case, the trial court correctly proceeded under Rule 1-054(C)(2), which applies to a final judgment adjudicating all issues as to fewer than all *parties*. Rule 1-054(C)(2) provides the judgment is final unless the court determines otherwise and expressly so provides in the order. The rule does not require that the trial court expressly find there is "no just reason for delay." The notice of appeal was filed more than thirty days after the judgment dismissing the state; therefore, we lack jurisdiction to consider alleged error in the granting of this judgment.

### 2. Alleged Error in Denying Plaintiff's Motion for Summary Judgment

■ Prior to the dismissal of her claims, plaintiff moved for summary judgment on her complaint. The motion was denied. On appeal, plaintiff argues this was error. The improper denial of a summary judgment is not reviewable after a final judgment on the merits. *Green v. General Accident Ins. Co. of Am.*, 106 N.M. 523, 746 P.2d 152 (1987). The granting of defendants' motions to dismiss plaintiff's claims constitutes a judgment on the merits. *See Pederson v. Lothman*, 63 N.M. 364, 320 P.2d 378 (1958) (summary judgment is a judgment on the merits). *Cf. Carter v. Thurber*, 106 N.M. 429, 744 P.2d 557 (Ct.App.1987) (order of dismissal is a final judgment on the merits). Accordingly, we cannot consider plaintiff's contentions concerning the denial of this motion.

### 3. Dismissal and Summary Judgment in Favor of Former Governor King

Plaintiff sued former Governor King under both the Tort Claims Act and the Civil Rights Act. King moved for dismissal or alternatively for summary judgment on the grounds that he was immune from suit under the Tort Claims Act and that plaintiff failed to state a claim upon which relief could be granted under the Civil Rights Act. Plaintiff subsequently amended her complaint, and King renewed his motion, which the trial court granted on both grounds.

Regarding the claim under the Tort Claims Act, plaintiff's complaint alleged immunity had been waived by Sections 41-4-6, -9, -10 and -12. On appeal, plaintiff's brief does not argue the application of Section 41-4-9 and -10; therefore, we consider those issues to have been abandoned. *Novak v. Dow*, 82 N.M. 30, 474 P.2d 712 (Ct.App.1970). In addition, plaintiff conceded before the trial court that King was not a law enforcement officer within the meaning of Section 41-4-12. *See Anchondo v. Corrections Dep't*, 100 N.M. 108, 666 P.2d 1255 (1983). Thus, the question becomes whether King's immunity from suit was waived by Section 41-4-6.

■ Plaintiff's complaint alleged King was "ultimately responsible for the execution and enforcement of the laws of the State of New Mexico and all acts and omissions * * * were done under his authority." King cannot, however, be held liable for negligent acts or omissions of other employees merely because of his executive position. *Silva v. State*, 106 N.M. 472, 745 P.2d 380 (1987). We believe a fair reading of plaintiff's complaint demonstrates that plaintiff is seeking to hold King liable for the negligent actions of his subordinates. Thus, plaintiff failed to state a claim against King.

The claim under the Civil Rights Act is subject to a similar defect. Plaintiff alleged King, acting through his agents and employees, failed to adequately staff, train, supervise and retain correctional officers, failed to adequately classify inmates, and negligently operated the penitentiary in a variety of ways. At the hearing on the motion, plaintiff conceded the Civil Rights

Act does not provide a cause of action for negligence. *See Davidson v. Cannon,* 474 U.S. 344, 106 S.Ct. 668, 88 L.Ed.2d 677 (1986); *Daniels v. Williams,* 474 U.S. 327, 106 S.Ct. 662, 88 L.Ed.2d 662 (1986). Plaintiff contended, however, the claim was for supervisory gross negligence. Plaintiff was unable, before the trial court or this court, to cite authority for the proposition that gross negligence is sufficient to establish a constitutional violation. Without deciding, we will assume that it is.

King submitted an affidavit in support of his motion, in which he stated he did not make any hiring decisions concerning personnel of the department of corrections or the penitentiary, except to select and submit to the legislature for confirmation a secretary of the department of corrections and criminal rehabilitation. The affidavit also states he was not aware of problems at the penitentiary that would lead to the riot, had no advance knowledge of the riot, was not at the penitentiary when the riot began and exercised no control over persons at the penitentiary once the riot was in progress. According to his affidavit, King's only action during the riot was to call out the national guard to be available to secure the area. King did not actually participate in the decisions to negotiate with the inmates or to retake the penitentiary.

The standard for granting summary judgment is well settled. A motion for summary judgment should be granted if there is no genuine issue of material fact and the moving party is entitled to summary judgment as a matter of law. SCRA 1986, 1–056; *Goodman v. Brock,* 83 N.M. 789, 498 P.2d 676 (1972). The burden is on the moving party to establish a prima facie case; once a prima facie case has been established, the burden is on the opposing party to show the existence of a genuine issue of material fact precluding summary judgment. *Id.*

In order to state a claim for supervisory liability under the Civil Rights Act, plaintiff must show some personal involvement on the part of the defendant. *Gallegos v. State,* 107 N.M. 349, 758 P.2d 299 (Ct.App.

1987). In the context of supervisory liability for violations of the rights of inmates, this court held in *Gallegos* that plaintiff must show: (1) there was a deprivation of plaintiff's constitutional rights by an employee under the control of the supervisor; (2) the deprivation rises to the level of deliberate indifference or reckless disregard of plaintiff's rights, which, in the context of the penitentiary, may be shown by the existence of a pervasive risk of harm to inmates from other prisoners and a failure by prison officials to respond reasonably to that risk; (3) the supervisor had notice of the pervasive risk of harm; and (4) the supervisor failed to implement a policy that promotes correction of the harm or deters future conduct.

King's affidavit established a prima facie case of no liability by showing he had no notice of any risk to inmates, or any previous deprivations of rights by employees at the penitentiary. Thus, the burden shifted to plaintiff to demonstrate that the facts before the trial court, together with all reasonable inferences from those facts, created a genuine issue of material fact. *Goodman v. Brock.* In this case, plaintiff did not come forward with affidavits or other materials admissible under Rule 1–056(E) that would create a genuine issue of material fact as to whether King was aware of a pervasive risk of harm to inmates and a failure by prison officials to respond reasonably to that risk. Thus, summary judgment on the supervisory liability claims under the Civil Rights Act was proper as to Governor King.

Plaintiff contends the trial court erred in treating defendants' motions as motions for summary judgment. Plaintiff's contention is incorrect. When matters outside the pleadings are presented in support of a motion to dismiss, and not excluded by the trial court, the motion is to be treated as one for summary judgment. *Hern v. Crist,* 105 N.M. 645, 735 P.2d 1151 (Ct.App.1987); *Transamerica Ins. Co. v. Sydow,* 97 N.M. 51, 636 P.2d 322 (Ct.App. 1981).

Plaintiff further contends the materials contained in the affidavits in support

of the motion were not germane to the issues, and thus the fact that affidavits were submitted by defendants and considered by the trial court should not be controlling. As noted above, King's affidavit directly put in issue the elements of the cause of action for supervisory liability and was, therefore, germane to the issues before the trial court on that claim. Thus, King's affidavit was properly considered. Once the affidavit was properly before the court, the burden was on plaintiff to counter it with affidavits, depositions or other materials admissible under Rule 1–056(E) showing the existence of a genuine issue of material fact. This, plaintiff failed to do. Plaintiff's contention that the allegations in her complaint must be taken as true on summary judgment, citing *Goodman v. Brock,* is incorrect. Plaintiff misreads that case. *See Rekart v. Safeway Stores, Inc.,* 81 N.M. 491, 468 P.2d 892, 38 A.L.R.3d 354 (Ct.App.1970) (party resisting summary judgment cannot stubbornly rely on pleading once moving party makes prima facie showing, but must come forward and demonstrate evidence is available to justify trial on issue).

### 4. Denial of the Motion to Amend to Assert Claims Under Civil Rights Act

Plaintiff moved to amend her complaint to include or substitute Rodriguez, Griffin and the three correctional officers as new parties. The trial court allowed the amendment with respect to the claims under the Tort Claims Act, but denied plaintiff's proposed amendment to sue these five defendants under the Civil Rights Act. Plaintiff's amended complaint nonetheless attempted to state civil rights claims against these defendants. The trial court dismissed those claims, apparently relying on its previous order.

SCRA 1986, 1–015 governs motions to amend the complaint. Motions to amend are addressed to the sound discretion of the trial court, and will be reviewed on appeal only for abuse of discretion. *Slide–A–Ride of Las Cruces, Inc. v. Citizens Bank of Las Cruces,* 105 N.M. 433, 733 P.2d 1316 (1987); *Constructors, Ltd. v. Garcia,* 86

N.M. 117, 520 P.2d 273 (1974); *Newman v. Basin Motor Co.,* 98 N.M. 39, 644 P.2d 553 (Ct.App.1982). An abuse of discretion occurs when the court exceeds the bounds of reason, considering all the circumstances before it. *Clancy v. Gooding,* 98 N.M. 252, 647 P.2d 885 (Ct.App.1982).

In this case, plaintiff moved to amend her complaint to add or substitute parties almost five years after the original complaint. The hearing on the motion was held a month before a trial setting in the case. Plaintiff's brief does not explain how she was prejudiced by the denial of her motion. On these facts, we cannot say the trial court abused its discretion in denying the motion to amend. *See Pope v. Lydick Roofing Co. of Albuquerque,* 81 N.M. 661, 472 P.2d 375 (1970) (no abuse of discretion where motion to amend was made two years after the filing of the answers of defendants, and plaintiff was unable to show how he was prejudiced by the denial of the motion).

### 5. Relation Back of the Claims Under the Tort Claims Act

#### (a) General

With respect to claims under the Tort Claims Act, plaintiff was granted permission to amend her complaint to include as defendants Bruce King, Governor of the state of New Mexico; Felix Rodriguez, secretary of corrections and criminal rehabilitation; Jerry Griffin, warden of the penitentiary of the state of New Mexico; the "New Mexico Corrections Department" (Corrections and Criminal Rehabilitation Department "CCRD"); and three individual correctional officers, Greg Roybal, Jose Anaya and Michael Schmitt. All defendants except King moved to dismiss, or, in the alternative, for summary judgment, alleging the amended complaint did not relate back, and thus the action was barred by the statute of limitations, or, in the alternative, they were immune from suit under the Tort Claims Act.

In order for an amendment adding or changing parties against whom a claim is asserted to relate back under Rule 1–

015(C), the claim or defense asserted in the amended pleading must arise out of the conduct, transaction or occurrence set forth or attempted to be set forth in the original pleading and the party to be brought in by amendment must "(1) [have] received such notice of the institution of the action that he will not be prejudiced in maintaining his defense on the merits; and (2) knew or should have known that, but for a mistake concerning the identity or the proper party, the action would have been[1] brought against him." It was plaintiff's burden to show the existence of facts that would satisfy the requirements of the "relation back" rule. *Romero v. Ole Tires, Inc.*, 101 N.M. 759, 688 P.2d 1263 (Ct.App.1984).

### (b) Defendants CCRD and Individual Correctional Officers

Plaintiff has not met her burden of establishing that the original failure to name CCRD and the individual correctional officers as defendants was due to a mistake in identity. *See id.* This court has previously rejected a claim that the mere failure to name a party against whom plaintiff had a potential claim constitutes a mistake within the meaning of Rule 1–015(C). *Id.* Because plaintiff failed to make the requisite showing concerning mistake, we hold the trial court correctly determined that the statute of limitations had run as to the individual correctional officers and CCRD.

### (c) Defendants Rodriguez and Griffin

Defendants Rodriguez and Griffin also argue plaintiff failed to make a sufficient showing of mistaken identity. In addition, Rodriguez and Griffin submitted affidavits stating they had been sued in other lawsuits growing out of the riot, but were not aware of this lawsuit until March 1986, roughly four years after the statute of limitations had run. Rodriguez and Griffin contend that in order for the complaint to relate back, they must have had notice of the lawsuit before the statute of limitations ran, or within a reasonable period of time after it ran, *see Galion v. Conmaco Int'l, Inc.*, 99 N.M. 403, 658 P.2d 1130 (1983), and that four years after the running of the statute is not a reasonable period of time. Plaintiff contends the state of New Mexico had notice of the suit long before the statute ran, and this is sufficient notice to allow the complaint to relate back. We agree with plaintiff.

As to mistaken identity, it is clear from the record that plaintiff's attorney made a mistake concerning the identity of the individuals holding the offices of secretary of CCRD and warden of the penitentiary of New Mexico at the time of the riot, defendants' arguments to the contrary notwithstanding. This is a sufficient showing of mistake. *See, e.g., Mitchell v. Hendricks,* 68 F.R.D. 564 (E.D.Pa.1975); *Galion v. Conmaco Int'l, Inc.*

In regard to notice, the rule requires that the party to be brought in must have received "such notice of the institution of the action that he will not be prejudiced in maintaining his defense on the merits." R. 1–015(C)(1). The purpose of the statute of limitations is to prevent stale claims. *Chavez v. Regents of Univ. of N.M.*, 103 N.M. 606, 711 P.2d 883 (1985). This purpose is not compromised by allowing relation back when the requirements of Rule 1–015 are met. *Id.* The rationale of Rule 1–015 is to preclude use of the statute of limitations " 'mechanically to prevent adjudication of a claim where the real parties in interest were sufficiently alerted to the proceedings or were involved in them unofficially from an early stage.' " *Galion v. Conmaco Int'l, Inc.*, 99 N.M. at 406, 658 P.2d at 1133 (quoting 3 J. Moore, *Moore's Federal Practice* ¶ 15.–15 [4.–1] (2d ed. 1982) (footnote omitted)). Under *Galion*, if there is an "identity of interest" between the defendants originally sued and the defendants being added, notice to the *original* defendants within the limitations period or a reasonable time thereafter is sufficient, and the relation back should be allowed.

Defendants argue *Galion* is not good law in light of *Schiavone v. Fortune,* 477 U.S. 21, 106 S.Ct. 2379, 91 L.Ed.2d 18 (1986). However, this court is bound by the precedents of our supreme court. *Alexander v. Delgado,* 84 N.M. 717, 507 P.2d

778 (1973). Moreover, in this case, unlike *Schiavone* and *Galion,* the original defendants were served within the limitations period. We are relying on *Galion* for its holdings concerning the identity of interest sufficient to relate back, and not for its holding that service on the original defendant within a reasonable period of time after the running of the limitations period is sufficient.

We believe the identity of interest between the original defendants, Crist and Winans, and the defendants plaintiff sought to bring in, Rodriguez and Griffin, is sufficient, and that the trial court was in error in holding the complaint against Rodriguez and Griffin would not relate back. We note both the original defendants and the defendants plaintiff sought to add were sued for actions taken while holding official positions with the state of New Mexico before and during the 1980 riot. This fact alone suggests a strong identity of interests. In addition, both the original defendants and the defendants sought to be added are represented by counsel who have been involved in this litigation since its inception. The federal courts have found this to be a significant factor in evaluating the identity of interest shared by the original and the new defendants. *See, e.g., Kirk v. Cronvich,* 629 F.2d 404 (5th Cir.1980); *Ayala Serrano v. Collazo Torres,* 650 F.Supp. 722 (D.P.R.1986); *Mitchell v. Hendricks; Ames v. Vavreck,* 356 F.Supp. 931 (D.Minn. 1973); *see also* Annotation, *Sufficiency of Notice or Knowledge Required Under Rule 15(c)(1)(2) of Federal Rules of Civil Procedure Dealing With Relation Back of Amendments Changing Parties Against Whom Claim is Asserted,* 11 A.L.R.Fed. 269 (1972).

Moreover, the interested party in this litigation is the state of New Mexico, not the individual defendants. This is an action under the New Mexico Tort Claims Act. Under the Tort Claims Act, plaintiff is required to give notice of her claim within ninety days of the date of the occurrence to the state risk management division, not

to the agency or employee accused of negligence. § 41-4-16(A). The purpose of this notice is to enable the state to undertake an investigation. *Ferguson v. New Mexico State Highway Comm'n,* 99 N.M. 194, 656 P.2d 244 (Ct.App.1982). It is the state that is responsible for defending the employee and for paying the judgment, including punitive damages. § 41-4-4. This is true even though the employees named as defendants are no longer employed by the state. *Id.*

The case of *Mitchell v. Hendricks,* cited with approval by our supreme court in *Galion,* is closely analogous to the instant case. *Mitchell* was a 42 U.S.C. Section 1983 action by a prison inmate against the superintendent of the prison. In *Mitchell,* as is true in the instant case, plaintiff named the wrong superintendent. After the named defendant was dismissed because he was not in office at the time of the incident of which plaintiff complained, plaintiff moved to substitute the superintendent who had been in office at the time.[1] The trial court allowed defendant to substitute the correct superintendent and held the complaint would relate back. It also held that where defendants were represented by commonwealth attorneys who had represented the incorrect superintendent throughout the action and who had secured the dismissal of the incorrect superintendent, notice to the correct superintendent could be imputed through notice to the commonwealth attorneys.

Rodriguez and Griffin argue in this court that allowing relation back would prejudice their ability to defend their case. However, the cases relied on by defendants are not on point. In *Craig v. United States,* 413 F.2d 854 (9th Cir.), *cert. denied,* 396 U.S. 987, 90 S.Ct. 483, 24 L.Ed.2d 451 (1969), there was no identity of interest between the original defendants and the defendant plaintiff sought to add. In *Russ v. Ratliff,* 578 F.2d 221 (8th Cir.), *cert. denied,* 439 U.S. 1003, 99 S.Ct. 612, 58 L.Ed.2d 679 (1978), there was no issue of

---

1. Plaintiff alludes to SCRA 1986, 1-025(D) in her brief as a basis for substituting Rodriguez and Griffin for Crist and Winans. Because

plaintiff offers no argument or authority, and defendants do not address the application of this rule, we do not consider it.

mistaken identity. Moreover, in light of the fact that the same counsel represented the incorrectly-named officials and, now, the correctly-named officials, coupled with the fact that there was ample opportunity to obtain access to relevant documents and to conduct discovery, it is difficult to see how relation back prejudices these defendants' case.

### 6. *Waiver of Immunity Under Section 41-4-6*

Having found that plaintiff should be allowed to amend her complaint by substituting Rodriguez and Griffin for defendants Crist and Winans, and that the amendment will relate back to the date of filing of the original complaint, we must also determine whether the Tort Claims Act waives the immunity of these defendants for purposes of this lawsuit. Although Griffin argues that the issue was not a basis for the ruling of the trial court, it appears from the record that the immunity issue was argued to the trial court, and was an alternative basis for the trial court's ruling with respect to defendants Rodriguez and Griffin.

The affidavits of Rodriguez and Griffin went primarily to the issues of when each of them personally became aware of plaintiff's lawsuit. In regard to the issues of immunity, Griffin's affidavit stated only that he was warden of the penitentiary of New Mexico on the date of the riot. Rodriguez' affidavit states that on the relevant date he was director of CCRD, that his duties were entirely administrative in nature, and that he had no day-to-day responsibility for the operation and maintenance of the buildings at the penitentiary.

Plaintiff's complaint alleged immunity had been waived by Sections 41-4-6, -9, -10, and -12. On appeal, plaintiff's brief does not argue the application of Sections 41-4-9 and -10, and therefore we consider those issues to have been abandoned. *Novak v. Dow.* In addition, plaintiff conceded before the trial court that Rodriguez and Griffin were not law enforcement officers within the meaning of Section 41-4-12. *See Anchondo v. Corrections Dep't.*

Thus, the question becomes whether immunity of these defendants was waived by Section 41-4-6.

Section 41-4-6 contemplates waiver of immunity where, due to the alleged negligence of public employees, an injury arises from an unsafe, dangerous, or defective condition on property owned and operated by the government. *Castillo v. County of Santa Fe,* 107 N.M. 204, 755 P.2d 48 (1988). Plaintiff's amended complaint alleges a number of ways in which the design of the penitentiary proximately caused the death of Rivera. As to the allegations of negligent design, plaintiff does not cite any authority for the proposition that negligent design is covered by Section 41-4-6, and we are not aware of any. This court has previously held that this section of the Tort Claims Act waives immunity for injuries sustained due to defects in buildings, and is in general intended to allow people to sue in premises liability situations. *Gallegos v. State; Wittkowski v. State,* 103 N.M. 526, 710 P.2d 93 (Ct.App.1985), *overruled on other grounds, Silva v. State.* While the supreme court has recently expanded the scope of waiver provided by Section 41-4-6, it has done so only in the context of premises liability situations. *See Castillo v. County of Santa Fe.* Thus, Section 41-4-6 does not waive immunity for plaintiff's claims of negligent design.

In addition to the claims of negligent design, plaintiff's amended complaint alleges that Rodriguez and Griffin negligently operated and maintained the penitentiary and its buildings, machinery, equipment and fixtures by, among other things, failing to timely renovate or repair riot control grilles so that they could be operated by remote control; and, during the renovation of the penitentiary, by allowing inmates to have access to tools, torches, and other instruments used in said renovation and construction. Griffin's affidavit does not speak to the issue of his duties with respect to the maintenance and repair of the building, including the riot control grilles and tools. Similarly, plaintiff's amended complaint alleges Rodriguez was "by law, or in

fact, responsible for the acts or omissions of the Department of Corrections." Rodriguez' affidavit disclaims "day-to-day" responsibility for repair and maintenance, but does not speak to the issue of supervisory duties that may relate to the repair and maintenance of the building.

Our supreme court has recently pointed out that the secretary of corrections manages all the operations of the department, exercises general supervisory authority over all department employees, organizes the department into the most efficient organizational units, and issues and enforces orders and instructions. *Silva v. State.* Similarly, the warden of the penitentiary acts as an administrative officer subject to the direction and supervision of the secretary of corrections. *Anchondo v. Corrections Dep't.* Under *Silva,* it is for the trier of fact to determine whether Rodriguez and Griffin failed to exercise ordinary care in the discharge of their duties as those duties relate to the matters alleged in plaintiff's complaint. Thus, we cannot say, as a matter of law, that defendants' immunity has not been waived by Section 41–4–6. The liability of Rodriguez and Griffin, if any, must, however, be for their own acts of negligence; they are not subject to liability because of the negligent act or omission of some other employee merely because of their executive positions. *Silva v. State.*

### 7. *Trial Court's Failure to Rule on Discovery Motions*

Plaintiff contends the trial court should have ruled on her motion challenging responses to her requests for admissions and requests for production. It is undisputed that the claims against defendants to whom these discovery requests were directed were dismissed by the trial court prior to any ruling on plaintiff's motions. Plaintiff contends that despite the dismissal, the trial court was obligated to rule on the motion for sanctions. Plaintiff, however, does not cite any case holding that discovery obligations continue after a party has been dismissed from a lawsuit. Accordingly, we will not consider plaintiff's contention. *See In re Adoption of Doe,* 100 N.M. 764, 676 P.2d 1329 (1984) (court of appeals not required to consider contentions for which no authority is cited).

### 8. *Pending Motions*

Defendants' motion to supplement the record proper is denied. Plaintiff's motion to allow oral argument is denied. SCRA 1986, 12–214(A).

### *Conclusion*

The trial court's orders dismissing plaintiff's claims and granting summary judgment in favor of defendants King, CCRD, and the individual correctional officers are affirmed. The trial court's orders granting summary judgment in favor of defendants Rodriguez and Griffin are reversed. The case is remanded to the district court with instructions to reinstate plaintiff's complaint under the Tort Claims Act against defendants Rodriguez and Griffin.

IT IS SO ORDERED.

ALARID and APODACA, JJ., concur.