876 P.2d 235 (1994)
117 N.M. 719
Johnny ARAGON and Irene Aragon, Plaintiffs-Appellants,
v.
WESTSIDE JEEP/EAGLE, Valley National Financial Services, and Chrysler Corporation, Defendants-Appellees.
No. 21495.
Supreme Court of New Mexico.
May 26, 1994.
James M. Curry, IV, Albuquerque, for appellant.
Duncan Law Offices, P.C., Daniel E. Duncan, Albuquerque, for appellee Westside Jeep/Eagle.
Lassen & Jaffe, Charles L. McElwee, Albuquerque, for appellee Valley Nat. Financial Services.

OPINION
BACA, Justice.
Plaintiffs-Appellants, Johnny and Irene Aragon (the "Aragons"), appeal from a district court order denying their motion to set *236 aside the dismissal of their case against Defendants-Appellees, Westside Jeep/Eagle ("Westside Jeep"), Valley National Financial Services ("Valley National"), and Chrysler Corporation ("Chrysler"). On appeal, we address whether the district court erred by denying the Aragons' motion. We review this case pursuant to SCRA 1986, 12-102(A)(1) (Repl.Pamp.1992), and reverse and remand for further proceedings.

I.
On March 16, 1992, the Aragons purchased a used vehicle from Westside Jeep. The Aragons brought the vehicle back to Westside Jeep fifteen days later, complaining that the vehicle would occasionally fail to restart after being turned off. After examining the vehicle, Westside Jeep claimed that there was no discernible problem. Chrysler, which had issued a service contract on the vehicle at the time of purchase, advised the Aragons that any existing problem was not covered under the contract.
On September 17, 1992, the Aragons filed a complaint for breach of warranty in the sales and service contracts against Westside Jeep, Chrysler, and Valley National.[1] Pursuant to a local district court rule that requires that all cases be referred to arbitration where no party seeks relief other than a money judgment in an amount not in excess of fifteen thousand dollars, see SCRA 1986, § 10A-LR2-603(II)(A) (Repl.Pamp.1993) (hereinafter "LR2-603( ...)") (providing for court-annexed arbitration), the Aragons filed a certification with their complaint stating that they met the conditions of the local rule and were subject to referral for arbitration. See LR2-603(II)(B) (requiring that a party file concurrently with certain pleadings a certification indicating whether the party is or is not seeking relief other than a money judgment in excess of $15,000).
On December 7, 1992, the district court entered an order referring the case to court-annexed arbitration under LR2-603. January 20, 1993, the district court entered an order appointing an arbitrator. The arbitration hearing was held on April 12, 1993. The arbitrator decided against the Aragons and awarded them no damages. The arbitrator filed the arbitration award on April 29, 1993. The Aragons filed a notice of appeal from the arbitration award on May 18, 1993. On June 14, 1993, the district court entered an order quashing the Aragons' notice of appeal and adopting the arbitration award as the final judgment of the court. The district court quashed the notice of appeal because the notice was not timely filed.
On June 29, 1993, the Aragons filed a motion to set aside the district court's order dismissing their appeal under SCRA 1986, 1-060(B)(1) (Repl.Pamp.1992) ("Rule 60(B)(1)") (stating that the district court may relieve a party from a final judgment or order for "mistake, inadvertence, surprise or excusable neglect"). In their motion, the Aragons conceded that their notice of appeal was not timely filed, but maintained that their failure to timely file the notice was due to "clerical difficulty" on the part of their attorney's paralegal and that this "clerical difficulty" constituted mistake, inadvertence, or excusable neglect.[2] In arguing that relief should be granted under Rule 60(B)(1), the Aragons claimed that the failure to timely file a notice of appeal from an arbitration decision does not deprive the district court of jurisdiction to hear the case.
Both Valley National and Westside Jeep filed responses to the Aragons' motion to set aside the dismissal of their case. Valley National and Westside Jeep argued that Rule 60(B) cannot be used to extend the time for appeal, particularly under LR2-603(VI)(B)(1), which requires that the notice of appeal from an arbitration award be filed within fifteen days and states that "[t]he *237 period for filing the notice shall not be extended." Citing Rivera v. King, 108 N.M. 5, 765 P.2d 1187 (Ct.App.), cert. denied, 107 N.M. 785, 765 P.2d 758 (1988) and State v. Brinkley, 78 N.M. 39, 428 P.2d 13 (1967), Valley National argued that "the timely filing of a notice of appeal is jurisdictional" and that "[a] court lacks jurisdiction to entertain an appeal when the notice ... is filed even so much as one day late." Finally, Valley National and Westside Jeep argued that even if the district court were to apply Rule 60(B)(1), the circumstances alleged by the Aragons failed to constitute excusable neglect.
The district court held a hearing on the Aragons' motion on July 26, 1993. At this hearing the Aragons reiterated their argument that the order dismissing their case for failure to timely file a notice of appeal should be set aside under Rule 60(B)(1) for inadvertence and excusable neglect. Valley National argued that Rule 60(B) does not apply to this case but that, even if it applied, the Aragons failed to show sufficient grounds to set aside the judgment. Westside Jeep argued that LR2-603(VI)(B)(1) required notice to be filed within fifteen days and expressly stated that no extensions were allowed. Westside Jeep also argued that the Aragons' failure to timely file notice did not constitute excusable neglect or inadvertence under Rule 60(B)(1).
After hearing the arguments, the district court urged the parties to settle the case by the end of the day. The court stated that a decision on the Aragons' motion would issue if the parties could not settle the case. The parties failed to settle their case. On August 18, 1993, the district court issued an order that denied the Aragons' motion without explanation. The Aragons appeal the district court's order to this Court.

II.
On appeal, we address whether the district court erred by denying the Aragons' motion to set aside its order dismissing their case. In this case, neither the August 18th order nor the record proper reveals the district court's grounds for denying the Aragons' Rule 60(B) motion. We are concerned that the court did not rule on the merits of the Aragons' Rule 60(B) motion, but instead agreed with Valley National and Westside Jeep that it had lost jurisdiction to consider the motion because the Aragons' notice of appeal was not timely filed. We do not agree that the district court lost jurisdiction over this case when the Aragons failed to timely file a notice of appeal as required by LR2-603(VI)(B)(1).
Valley National and Westside Jeep correctly state the long-standing rule that an appellate court is without jurisdiction to hear the merits of an appeal or review alleged district court error when a notice of appeal is not timely filed. See Brinkley, 78 N.M. at 40, 428 P.2d at 14; Rivera, 108 N.M. at 6-7, 765 P.2d at 1188-89. Recently, however, this Court has modified this rule to make it clear that timely filing of a notice of appeal is not an inflexible jurisdictional requirement in all cases. See Trujillo v. Serrano, 117 N.M. 273, 278, 871 P.2d 369, 374 (1994) (holding that untimely appeal may be permitted if delay was the result of judicial error); Govich v. North Am. Sys., Inc., 112 N.M. 226, 230, 814 P.2d 94, 98 (1991) (holding that appellate rule for timely filing notice of appeal is not jurisdictional, but rather a mandatory precondition to exercise of jurisdiction). In any event, the rule does not apply in the instant case. Unlike those cases where an appellate court cannot consider an appeal if notice of appeal is untimely filed, the district court retains jurisdiction over an arbitration award after the time for filing a notice of appeal has expired. See LR2-603(V)(D)(6) ("If no appeal is taken and the time for appeal has expired or the right to appeal has been waived or the appeal has been voluntarily dismissed, the court shall prepare and file a judgment or final order adopting the award as a judgment or final order of the court...."). The arbitration award is merely a nonenforceable order until the district court adopts the award as the court's final judgment following the time to file an appeal. After the district court has adopted the award as its final judgment, Rule 60(B) applies to set aside the judgment just as Rule 60(B) would apply to set aside any final judgment of the district court.
*238 In this case, the district court might have erroneously concluded that it had no jurisdiction to rule on the merits of the Aragons' Rule 60(B) motion because the notice of appeal was not filed within fifteen days. We remand this case to the district court for a ruling on the merits of the Aragons' Rule 60(B) motion. Relief from a judgment or order under Rule 60(B) is within the sound discretion of the trial court. United Salt Corp. v. McKee, 96 N.M. 65, 68, 628 P.2d 310, 313 (1981). In the event that the district court, in its discretion, sets aside the judgment based upon excusable neglect in the failure to file an appeal in a timely fashion, it may permit the de novo review provided for under LR2-603(VI).
We note that the Aragons argue for the first time on appeal that the arbitrator lacked jurisdiction to hear their case and that his decision is void. They base their claim on the assertion that their complaint sought relief in addition to monetary damages and that under court-annexed arbitration, only those cases seeking a money judgment are mandatorily referred to arbitration. See LR2-603(II)(A). This argument is meritless. The Aragons certified that their case was subject to arbitration because "[n]o party seeks relief other than a money judgment and no party seeks an award in excess of $15,000," and participated fully in the arbitration proceeding without objection. The Aragons cannot willingly submit themselves to arbitration and now, because arbitration yielded an unfavorable result, complain that the arbitrator lacked jurisdiction. The court's judgment is reversed, and the cause is remanded for further proceedings consistent with this opinion.
IT IS SO ORDERED.
MONTGOMERY, C.J., and RANSOM, J., concur.
NOTES
[1] Valley National was a holder in due course that had bought the finance contract between Westside Jeep and the Aragons.
[2] The Aragons filed the paralegal's affidavit with their motion to set aside the dismissal of their case. The affidavit stated that the Aragons' notice of appeal was timely prepared but was not filed on time because the paralegal had a heavy workload and was busy training a new employee on the day the notice needed to be filed. The affidavit further stated that the notice somehow got mixed up with some unrelated documents that were to be filed in Metropolitan Court.