**Joseph MARINO, Plaintiff,**

v.

**GOTHAM CHALKBOARD MFG. CORP.,
Anthony Castaldo, doing business as P
& C Trucking Co., Meta Construction
Company, Inc. and Martin Vahi, De-
fendants.**

No. 64 Civ. 3381.

United States District Court
S. D. New York.

Sept. 21, 1966.

Marcus & Levy, New York City, for plaintiff (John Selawsky, New York City, of counsel).

Watters & Donovan, New York City, for defendant Gotham Chalkboard Mfg. Corp. (John P. Walsh and T. R. Kennedy, New York City, of counsel).

Carmine C. Morasco, New York City, for defendant Anthony Castaldo.

Hanner, Fitzmaurice & Onorato, New York City, for defendants Meta Const. Co., and Martin Vahi.

## MEMORANDUM

MacMAHON, District Judge.

This is a motion by the plaintiff for leave to amend his complaint to correct a mistake concerning the identity of the proper party defendant by substituting Gotham Chalkboard & Trim Co., Inc. (Gotham Trim) as a party defendant, for and instead of Gotham Chalkboard Mfg. Corp. (Gotham Manufacturing), with the amendment relating back to the date of the filing of the original complaint.

It is conceded that the applicable two-year statute of limitations has expired, and that the complaint can be amended to bring in Gotham Trim as a party defendant only if the amendment relates back to the commencement of the action. The problem turns on a recent amendment to Rule 15(c) of the Federal Rules of Civil Procedure which governs the determination of this motion.

There is no question that the claim asserted in the proposed amended complaint arose out of the conduct, transaction, or occurrence set forth in the original complaint. The amendment, therefore, relates back to the date of the filing of the original complaint if, "within the period provided by law for commencement of the action," Gotham Trim has "(1) received such notice of the institution of the action" that it will not be prejudiced in maintaining its defense on the merits, and "(2) knew or should have known that, but for a mistake concerning the identity of the proper party, an action would have been brought against it."

Concededly, the original complaint was served on Gotham Manufacturing seven days before the applicable statute of limitations expired. There can be no ques-

tion that Gotham Manufacturing received notice of the action, for it made an appearance. We think it too clear for argument that Gotham Trim also received notice at that time. Both are small New York corporations with identical organizers, officers and directors. Both have identical offices. This identity of management and location clearly establishes that notice to one was notice to the other corporation. Likewise, there can be no question that Gotham Trim has had the benefit from the beginning of any knowledge in the possession of Gotham Manufacturing regarding the defense of this action on its merits.

The papers in opposition to this motion fail to establish any facts showing that Gotham Trim will suffer any prejudice whatever in its ability to conduct a defense on the merits. There can be no question, therefore, that Gotham Trim had notice of the institution of the action within the period of the statute of limitations, and that it will not be prejudiced in maintaining its defense on the merits.

This brings us to the question of whether Gotham Trim knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against it. The same facts showing that Gotham Trim received fair notice are relevant here.

It cannot be gainsaid that with identical officers surely Gotham Trim knew that Gotham Manufacturing had been inactive since its inception in 1952, had never issued any stock, had no employees or bank account, had never filed a federal income tax return, and was not even listed in the telephone directory. Gotham Trim, on the other hand, actively engaged in the business of manufacturing, selling, and installing slate materials. Surely, it was obvious to the officers and management of Gotham Trim, from the similarity of names and the occurrence which the plaintiff alleged as the basis of his action, that plaintiff had made a mistake concerning the identity of the proper party, and that the action was intended to have been brought against Gotham Trim, the active corporation actually working on the job at which plaintiff was allegedly injured. We hold, therefore, that plaintiff has satisfied the requirements of Rule 15(c). Moreover, we find that plaintiff's mistake was certainly reasonable, if indeed it was not induced by the conduct of the management of Gotham Trim.

We think there can be no question in the circumstances shown here that the mere answering of this complaint by Gotham Trim, without affirmatively disclosing to the plaintiff's attorneys that they were laboring under a mistake, misled plaintiff's attorneys. Surely, under amended Rule 15(c), a party which knows that it is the intended defendant can neither take steps which lead the plaintiff down the garden path, nor can it sit back and knowingly take advantage of plaintiff's mistake. The result would be no different even if plaintiff were negligent. Nor is there any merit in Gotham Trim's reliance on the "misnomer" semantics. Whatever validity cases resting on technical misnomers may have had prior to the amendment of Rule 15(c), they have no validity now. The new amendment focuses not on semantics, but on the simple question of whether the party to be brought in had fair notice of the action, whether he will be prejudiced in maintaining his defense on the merits, and whether he knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against him. There can be no question on the facts shown here that those conditions were fully met as to Gotham Trim.

Accordingly, plaintiff's motion to amend his complaint to name Gotham Trim as a defendant is granted, and the amendment shall relate back to the date of the filing of the original complaint. Gotham Trim will be deemed substituted for Gotham Manufacturing in all proceedings heretofore had herein and in all pleadings and papers heretofore filed herein.

Settle order on notice within ten (10) days.