658 P.2d 1130

**Thomas GALION and Milton Sills, Petitioners,**

**v.**

**CONMACO INTERNATIONAL, INC., a corporation, Respondent.**

**No. 14428.**

Supreme Court of New Mexico.

Jan. 19, 1983.

Rehearing Denied Feb. 4, 1983.

Michael Vigil, Albuquerque, for petitioners.

Rodey, Dickason, Sloan, Akin & Robb, Charles B. Larrabee, W. Mark Mowery, Albuquerque, for respondent.

## OPINION

SOSA, Senior Justice.

The sole issue presented on appeal is whether, pursuant to N.M.R.Civ.P. 15(c), a party to be brought in by amendment must receive notice of the action within the time provided by the statute of limitations. The applicable rule is as follows:

> Whenever the claim or defense asserted in the amended pleading arose out of the conduct, transaction or occurrence set forth or attempted to be set forth in the original pleading, the amendment relates back to the date of the original pleading. An amendment changing the party against whom a claim is asserted relates back if the foregoing provision is satisfied and, *within the period provided by law for commencing the action* against him, the party to be brought in by amendment (1) has received such notice of the institution of the action that he will not be prejudiced in maintaining his defense on the merits, and (2) knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against him.

N.M.R.Civ.P. 15(c) (emphasis added).

The district court denied the motion of Thomas Galion and Milton Sills, plaintiffs-appellants, to amend their complaint to substitute Conmaco, Inc., for Conmaco International, Inc., as the defendant pursuant to N.M.R.Civ.P. 15(c), N.M.S.A.1978 (Repl. Pamp.1980). The Court of Appeals affirmed the district court. *Galion v. Conmaco International, Inc.,* 21 N.M.St.B.Bull. 1230 (Ct.App.1982). We granted certiorari.

We reverse the district court and the Court of Appeals and remand to the district court.

The appellants were injured on April 29, 1977, while riding in a bucket hoisted by a crane. Due to some malfunction, the bucket fell. Appellants filed suit on April 25, 1980, against Conmaco International, Inc., and three other defendants. A three-year statute of limitations applies to this action. § 37–1–8, N.M.S.A.1978. Thus, appellants filed suit within the limitations period. Although a copy of the complaint was mailed to Conmaco International, Inc., by registered letter on April 30, 1980, within the limitations period, it was not received until May 5, 1980, after the limitations period had expired. Personal service was also effected on Conmaco International, Inc., after the limitations period had run, as allowed by the laws of New Mexico. Various pre-trial motions resulted in all the named defendants being dismissed from the suit except Conmaco International, Inc. Conmaco International, Inc., then filed a motion to quash service of process and to dismiss the suit because Conmaco International, Inc., lacked sufficient contacts with the State of New Mexico. Upon learning that Conmaco, Inc., the parent company of Conmaco International, Inc., was the proper defendant, appellants filed a motion to amend their complaint to substitute Conmaco, Inc., as the defendant pursuant to N.M.R.Civ.P. 15(c). The trial court granted Conmaco International, Inc.'s, motion to quash service of process, but denied appellants' motion because Conmaco, Inc., had not received notice of the suit within the time provided by the statute of limitations. Had appellants' motion been granted, the substitution of Conmaco, Inc., for Conmaco International, Inc., as the party-defendant would have related back to the date the complaint was originally filed. Without such an amendment, appellants were without a remedy against Conmaco, Inc., because the applicable statute of limitations had already run.

The trial court held that all the requirements of Rule 15(c) had been satisfied except for the requirement that Conmaco, Inc., receive notice "within the period pro-vided by law for commencing the action." The district court held, and the Court of Appeals agreed, that this rule requires actual notice within the limitations period. The parties concede that notice to Conmaco International, Inc., was also notice to Conmaco, Inc. Therefore, Conmaco, Inc., received notice on May 5, 1980, five days after the limitations period expired. Appellants contend that this notice was received within the time required by Rule 15(c). The question therefore is what is meant by "within the period provided by law for commencing the action."

The majority of courts which have considered the issue have held that the defendant must have received notice prior to the expiration of the limitations period. *Tretter v. Johns-Manville Corp.,* 88 F.R.D. 329 (E.D.Mo.1980); *see Archuleta v. Duffy's Inc.,* 471 F.2d 33 (10th Cir.1973); *Simmons v. Fenton,* 480 F.2d 133 (7th Cir.1973); *Craig v. United States,* 413 F.2d 854 (9th Cir.), *cert. denied,* 396 U.S. 987, 90 S.Ct. 483, 24 L.Ed.2d 451 (1969).

■ However, we agree with those courts which have held that the period in which notice must be received includes the reasonable time allowed under the rules of civil procedure for service of process. *Ingram v. Kumar,* 585 F.2d 566 (2d Cir.1978), *cert. denied,* 440 U.S. 940, 99 S.Ct. 1289, 59 L.Ed.2d 499 (1979); *see Ratcliffe v. Insurance Co. of N. America,* 482 F.Supp. 759 (E.D.Pa.1980); *Davis v. Krauss,* 478 F.Supp. 823 (E.D.N.Y.1979); *Mitchell v. Hendricks,* 68 F.R.D. 564 (E.D.Pa.1975). New Mexico is a jurisdiction in which service of process may be effected after the statute of limitations has expired. *See Prieto v. Home Ed. Livelihood Program,* 94 N.M. 738, 616 P.2d 1123 (Ct.App.1980). The majority view is unjustified in jurisdictions where timely service of process can be effected after the statute of limitations has run. In those jurisdictions, even an accurately named defendant may not receive actual notice of the action against him prior to the running of the statute of limitations. Yet there is no doubt that the action

against him is timely commenced. There is no reason why a misnamed defendant is entitled to earlier notice than he would have received had the complaint named him correctly.

*Ingram v. Kumar, supra,* at 571 (footnote omitted).

This interpretation of Rule 15(c) allows an amendment to relate back to the filing of the action only when there is such an identity of interest between the old and new defendants that relation back is not prejudicial to the party to be added. The rationale behind allowing an amendment to relate back is that "the statute of limitations should not be used mechanically to prevent adjudication of a claim where the real parties in interest were sufficiently alerted to the proceedings or were involved in them unofficially from an early stage." 3 J. Moore, Moore's Federal Practice ¶ 15.-15[4.–1] (2d ed. 1982) (footnote omitted).

"[T]he purpose of pleading is to facilitate a proper decision on the merits." *Conley v. Gibson,* 355 U.S. 41, 48, 78 S.Ct. 99, 103, 2 L.Ed.2d 80 (1957). The purpose of the rules of civil procedure is not furthered by denying the addition of a party who has a close identity of interest with the old party when the added party will not be prejudiced. Amendments should be granted freely as justice requires. *Travelers Indemnity Co. v. United States,* 382 F.2d 103 (10th Cir.1967).

Those cases in which relation back has been allowed often involve substituting or adding related corporations as defendants. *See Travelers Indemnity Co., supra; Marino v. Gotham Chalkboard Mfg. Corp.,* 259 F.Supp. 953 (S.D.N.Y.1966). *Travelers* involved an action by a materialman to recover under a payment bond pursuant to the Miller Act. The court allowed the plaintiff to amend his complaint to substitute the defendant life insurer's wholly-owned subsidiary for the parent company. The parent company and its subsidiary had the same managers and directors and occupied the same office. The activities of the two corporations supplemented one another. Similarly, in *Marino, supra,* relation back of

an amendment was permitted because the two corporations had identical organizers, officers, directors, and offices. Conversely, where no identity of interest existed between two companies, relation back has not been allowed. *Graves v. General Insurance Corporation,* 412 F.2d 583 (10th Cir.1969). In *Graves,* although the names of the companies were similar, they were headquartered in different cities, were directed and controlled by different persons, and had no related business activities.

We recognize the potential for abuse of Rule 15(c) which concerned the court in *Holden v. R.J. Reynolds Industries,* 82 F.R.D. 157, 160 n. 1 (M.D.N.C.1979), that, stretched to its limit, such an interpretation would permit the addition of a party at any time. However, we find the minority view more progressive and persuasive where, as in the instant case, two corporations have substantial identity of interest and the party to be added has received notice within the reasonable time permitted under the rules of civil procedure for service of process. This view is more attuned to New Mexico which permits service of process to be effected after the statute of limitations has run.

In this case, the names of the corporations are substantially similar. Conmaco International, Inc., is a wholly-owned subsidiary of Conmaco, Inc. The corporations have the same officers and the same principal office in Kansas City, Kansas. The activities of the two corporations appear to be related. Conmaco International, Inc., is engaged in the exportation of construction equipment. Conmaco, Inc.'s, prime business is the sale and rental of construction machinery. The agent authorized to receive service of process on behalf of Conmaco International, Inc., is Vincent L. Knecht, the secretary-treasurer of both corporations.

The record does not show that Conmaco, Inc., will suffer any prejudice whatever in its ability to conduct its defense on the merits if it is substituted as the proper defendant. Conmaco Interna-

tional, Inc., and Conmaco, Inc., have substantial identity of interest. Where a parent company and its subsidiary have such identity of interest, Rule 15(c) permits relation back of an amendment to the complaint to substitute defendants as long as service of process was effected within the reasonable time allowed under the rules of civil procedure even though the limitations period had expired. Conmaco, Inc., had sufficient notice and service of process within a reasonable time after the limitations period expired. Accordingly, this case is reversed and remanded to the district court with instructions to permit amendment of the complaint to substitute Conmaco, Inc., as the proper defendant and for further proceedings consistent with this opinion.

IT IS SO ORDERED.

PAYNE, C.J., and RIORDAN and STOWERS, JJ., concur.

FEDERICI, J., respectfully dissents.