This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**No. A-1-CA-38889**

**PNC BANK, NATIONAL ASSOCIATION,**

Plaintiff-Appellee,

v.

**CHRISTOPHER N. ROTE,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF SANTA FE COUNTY**
**Maria S. Sanchez-Gagne, District Judge**

Murr Siler & Accomazzo, P.C.
Jamie G. Siler
James P. Eckels
Denver, CO
Andrew P. Yarrington
Albuquerque, NM

for Appellee

Christopher M. Grimmer, Attorney at Law, LLC
Christopher M. Grimmer
Santa Fe, NM

for Appellant

**MEMORANDUM OPINION**

**BOGARDUS, Judge.**

**{1}** Defendant Christopher Rote appeals the district court's order granting summary judgment in favor of Plaintiff PNC Bank, National Association, on Plaintiff's complaint to enforce Defendant's promissory note (the Note) and foreclose his mortgage (the Mortgage). Defendant contends (1) the district court lacked subject matter jurisdiction

based on the doctrine of prior exclusive jurisdiction,[1] and (2) Plaintiff's claims are barred by the applicable statute of limitations. We affirm.

**BACKGROUND**

**{2}** The facts relevant to this appeal arise from two separate foreclosure actions brought by Plaintiff against Defendant involving the same real property (the Property): a previous action filed in September 2010 in the First Judicial District (the 2010 action); and the current action, filed in December 2015 in the First Judicial District and assigned to a different judge.

**A.    The 2010 Action**

**{3}** Plaintiff first filed a complaint for foreclosure against Defendant on September 17, 2010. The complaint sought judgment on money owed on the Note and foreclosure of the Mortgage on the Property. Also named as a defendant in the complaint was Los Alamos National Bank (LANB), which the complaint stated might also claim an interest in the Property. LANB filed a cross-claim against Defendant seeking to enforce its note and foreclose its mortgage on the Property. LANB moved for summary judgment on its claim, which the district court granted on August 4, 2015. Defendant later moved to dismiss Plaintiff from the 2010 action for lack of standing. An order granting Defendant's motion to dismiss was entered by the district court on June 1, 2016.

**B.    The Current Action**

**{4}** On December 30, 2015, approximately five months before the district court in the 2010 action entered its order dismissing Plaintiff from that action, Plaintiff filed another complaint against Defendant and LANB. As with the 2010 action, Plaintiff sought to enforce the Note and foreclose its Mortgage on the Property.

**{5}** In his answer to the complaint in the 2015 action, Defendant asserted the affirmative defense of lack of jurisdiction based on the doctrine of prior exclusive jurisdiction. Both Plaintiff and Defendant moved for summary judgment. In responding to Plaintiff's motion and in support of his own, Defendant argued the district court lacked jurisdiction based on the prior exclusive jurisdiction of the district court in the 2010 action, which had previously ordered foreclosure on LANB's mortgage on the Property.

**{6}** After a hearing on the matter, the district court concluded that the doctrine of prior exclusive jurisdiction did not bar the action for four separate reasons, including that the district court in the 2010 action could not have adjudicated Plaintiff's claims in that action due to Plaintiff's lack of standing, and therefore the district court in that action "could not have exercised control over the *res* in relation to Plaintiff's claims." The district court proceeded to grant Plaintiff's motion for summary judgment, entering

---

[1]Defendant also argues in his brief in chief that the district court lacked jurisdiction under the doctrine of priority jurisdiction. In his reply brief, however, Defendant concedes this doctrine did not deprive the district court of jurisdiction and, therefore, we need not address this argument further.

judgment against Defendant on money owed on the Note, finding that Plaintiff's Mortgage was a first and prior lien against the Property, and ordering the Mortgage foreclosed. Defendant appeals.

**{7}** We reserve discussion of additional facts relevant to Defendant's appeal where appropriate in our analysis.

## DISCUSSION

### I. The District Court Had Subject Matter Jurisdiction

**{8}** Defendant argues the district court erred by granting Plaintiff's motion for summary judgment despite lacking subject matter jurisdiction over Plaintiff's claims. Defendant contends the district court lacked subject matter jurisdiction based on the doctrine of prior exclusive jurisdiction and emphasizes that Plaintiff's 2010 complaint for foreclosure had not been dismissed at the time Plaintiff filed its 2015 complaint for foreclosure. "This Court's review of orders granting or denying summary judgment is de novo." *Zamora v. St. Vincent Hosp.*, 2014-NMSC-035, ¶ 9, 335 P.3d 1243. Likewise, "[t]he question of whether a court has subject matter jurisdiction is a question of law which we review de novo." *Palmer v. Palmer*, 2006-NMCA-112, ¶ 13, 140 N.M. 383, 142 P.3d 971.

**{9}** Defendant's argument regarding the district court's lack of subject matter jurisdiction is grounded in the doctrine of prior exclusive jurisdiction, in which, "a court will not assume in rem jurisdiction over property that is already under the jurisdiction of another court of concurrent jurisdiction." *Cruz v. FTS Constr. Inc.*, 2006-NMCA-109, ¶ 9, 140 N.M. 284, 142 P.3d 365 (internal quotation marks and citation omitted) (referencing the doctrine of prior exclusive jurisdiction). Defendant acknowledges that no New Mexico appellate court has applied the doctrine of prior exclusive jurisdiction under this name but argues that our courts have applied the same principles underlying the doctrine. Specifically, Defendant contends, "The doctrine of prior exclusive jurisdiction appears to be a modern equivalent of the *in custodia legis* doctrine" that New Mexico courts have applied in the past.

**{10}** Under the doctrine of *in custodia legis*, "as between courts of concurrent jurisdiction, the court first acquiring jurisdiction of a subject matter retains it to the end, with certain exceptions." *Ortiz v. Gonzales*, 1958-NMSC-109, ¶¶ 9-10, 64 N.M. 445, 329 P.2d 1027. In *Burroughs v. United States Fidelity & Guaranty Co.*, 1964-NMSC-244, ¶ 13, 74 N.M. 618, 397 P.2d 10, *overruled on other grounds by Quintana v. Knowles*, 1992-NMSC-016, ¶ 18, 113 N.M. 382, 827 P.2d 97, our Supreme Court similarly stated, "We recognize the rule many times stated by us that as between courts of concurrent jurisdiction, the one which first acquired jurisdiction of the subject matter of the action would be permitted to retain it to the end." The *Burroughs* Court examined cases that had applied this rule and concluded the cases were all "in rem proceedings where a court had acquired actual jurisdiction of the res, whereupon it is clear that the jurisdiction is exclusive." *Id.*

**{11}** Foreclosure is a quasi in rem proceeding. In both the 2010 action and this action, Plaintiff pursued its remedies against Defendant under the Note, an in personam claim, and the Mortgage on the Property, an in rem claim. *See Fed. Nat'l Mortg. Ass'n v. Chiulli*, 2018-NMCA-054, ¶ 2, 425 P.3d 739 (recognizing that in the event of a default on a promissory note, the mortgagee has an independent remedy to sue on the note or in rem against the mortgaged property to satisfy the debt); *Kepler v. Slade*, 1995-NMSC-035, ¶¶ 7-8, 119 N.M. 802, 896 P.2d 482 (noting the historic view that "a foreclosure action is purely quasi in rem, affording relief only against the secured property, and a suit on a bond or note is in personam" and that "[a]s long as there is no double recovery on the debt, the mortgagee may pursue either or both remedies"). As to the two remaining requirements needed to apply the doctrine of *in custodia legis*, assuming without deciding that different district courts in the same judicial district could be considered courts of concurrent jurisdiction, we conclude that the district court in the 2010 action did not acquire jurisdiction of the subject matter at issue in this action.

**{12}** With regard to acquiring jurisdiction of the subject matter, our Supreme Court has indicated that "some affirmative action asserting jurisdiction over the res" is necessary and that "[m]ere retention of provisional jurisdiction without an assertion thereof would seem insufficient." *Ortiz*, 1958-NMSC-109, ¶ 16; *see id.* ¶¶ 1, 17 (holding that, despite a district court's order in a divorce proceeding stating that it retained jurisdiction to later dispose of community property under certain conditions, that court's jurisdiction to dispose of the community property at issue was not exclusive because the court had not taken any "affirmative action asserting the retained jurisdiction"); *cf. Greathouse v. Greathouse*, 1958-NMSC-032, ¶¶ 2, 4, 64 N.M. 21, 322 P.2d 1075 (concluding that a district court in a divorce proceeding acquired jurisdiction over shares of stock by issuing a restraining order prohibiting a judgment creditor from disposing of the stock, and therefore another district court in a later separate action erred by levying the stock to satisfy a judgment on a promissory note).

**{13}** Defendant argues the district court in the 2010 action had possession, custody, or control of the Property at the time this action was filed in 2015. In support of this proposition, Defendant points to the district court's order in the 2010 action granting LANB's cross-claim against Defendant for foreclosure of its mortgage on the Property. Defendant also points to a part of that order from the 2010 action stating that the district court "reserves jurisdiction to adjudicate the validity, priority and extent of the liens [or] mortgages on the . . . Property, to distribute the proceeds of any special master's sale in accordance with its findings as to the priority of liens, and to take such other action as is appropriate." We are unpersuaded.

**{14}** It is undisputed that the district court in the 2010 action did not adjudicate Plaintiff's senior mortgage.[2] Although the district court in the 2010 action awarded LANB judgment on its debt and foreclosure claims against Defendant, that court dismissed

---

[2]The district court in this action found that Plaintiff's Mortgage was a first and prior lien against the Property.

without prejudice Plaintiff's complaint for foreclosure against Defendant for lack of standing.

**{15}** Defendant argues the district court's ability to adjudicate Plaintiff's foreclosure claim in the 2010 action has no relevance to the issue of whether the doctrine of prior exclusive jurisdiction bars Plaintiff's current foreclosure action as a matter of law. Rather, citing *Cruz*, 2006-NMCA-109, ¶¶ 8-9, Defendant contends the district court's ability to adjudicate Plaintiff's foreclosure claim in the 2010 action is only relevant to determining whether the separate doctrine of priority jurisdiction bars the current action. *Cruz*, however, did not recognize the doctrine of prior exclusive jurisdiction, much less apply it. *See id.* ¶ 9 ("Prior exclusive jurisdiction appears to be a doctrine that would not be applicable in this case because it applies only to in rem actions." (internal quotation marks omitted)); *Sloan v. State Farm Mut. Auto. Ins. Co.*, 2004-NMSC-004, ¶ 12, 135 N.M. 106, 85 P.3d 230 ("Cases are not authority for propositions not considered." (alteration, internal quotation marks, and citation omitted)). Nor did *Cruz* reference the doctrine of *in custodia legis*. Defendant does not adequately develop an argument to explain how *Cruz* stands for the proposition that the district court's lack of adjudication as to Plaintiff's claim in the 2010 action is irrelevant to determining whether that court took some affirmative action asserting jurisdiction over the Property in relation to Plaintiff's senior mortgage. We therefore decline to consider this argument further. *See Corona v. Corona*, 2014-NMCA-071, ¶ 28, 329 P.3d 701 ("This Court has no duty to review an argument that is not adequately developed.").

**{16}** Finally, Defendant does not address one important potential implication of adopting his position—that a district court's order granting foreclosure of a junior mortgage in a first action could effectively bar a senior mortgage holder from later filing a foreclosure suit on the same property. *See* 59A C.J.S. *Mortgages* § 915 (2022) ("[F]oreclosure does not terminate interests in the foreclosed real estate that are senior to the mortgage being foreclosed."). Such an implication is even more illogical under the circumstances of this case, in which the district court in the first action recognized that Plaintiff did not have standing and therefore dismissed Plaintiff's complaint for foreclosure.

**{17}** To the extent the district court in the 2010 action apparently retained jurisdiction to enforce its order granting LANB's foreclosure, "[m]ere retention of provisional jurisdiction without an assertion thereof would seem insufficient." *See Ortiz*, 1958-NMSC-109, ¶ 16; *see also id.* ¶ 17 (holding that until the first court took some affirmative action asserting the retained jurisdiction, a second court could acquire jurisdiction over the property at issue).

**{18}** Here, Defendant does not argue the district court in the 2010 action exercised any such reserved jurisdiction by adjudicating the priority or extent of Plaintiff's Mortgage on the Property either before or after the court dismissed Plaintiff from that action for lack of standing. *Cf. id.* ¶ 15 (stating that, although statutes provided that a court acquired exclusive jurisdiction to divide marital property, this "d[id] not mean that such court may retain such jurisdiction indefinitely or that another court of concurrent

jurisdiction may not acquire jurisdiction over the property at a time when the proceeding is apparently settled").

**{19}**     Defendant next argues that, because Plaintiff's 2010 complaint for foreclosure had not been dismissed at the time Plaintiff filed its 2015 complaint for foreclosure, the district court lacked subject matter jurisdiction in this case. Defendant contends Plaintiff was required to obtain a dismissal of its 2010 complaint for foreclosure before it could file its 2015 complaint for foreclosure. In support of this proposition, Defendant cites *Bank of New York v. Romero* (*Romero II*), 2016-NMCA-091, 382 P.3d 991. *See id.* ¶¶ 16-17, 22 (concluding that a dismissal based on lack of standing is not an adjudication on the merits of the foreclosure claim such that future claims are precluded and observing that cases from other jurisdictions cited approvingly by our Supreme Court "either (1) note that dismissal without prejudice is the proper remedy when a party fails to prove standing, or (2) approve of allowance of subsequent lawsuits").[3]

**{20}**     We agree that *Romero II* indicates that the proper course for plaintiffs who lack standing at the time they file a foreclosure complaint is to obtain a dismissal before refiling. We nonetheless decline to conclude, based on the facts of this case, that Plaintiff's failure to obtain a dismissal in the 2010 action before filing its complaint in this case deprived the district court of subject matter jurisdiction. First, for much of the time Plaintiff's 2010 action was pending, *Bank of New York v. Romero* (*Romero I*), 2014-NMSC-007, ¶ 1, 320 P.3d 1, was on appeal. *Romero I* clarified the evidence a plaintiff must provide to establish standing to enforce a promissory note and foreclose on a mortgage. *See generally id.* ¶¶ 17-38. Second, Defendant does not dispute that he moved to dismiss Plaintiff for lack of standing in the 2010 action and that Plaintiff filed a response stipulating to this dismissal before Plaintiff filed its complaint in this action.

**{21}**     In sum, based on the circumstances of the 2010 action—in which Plaintiff stipulated to Defendant's motion to dismiss for lack of standing before filing this action and the district court never adjudicated Plaintiff's senior mortgage—we are satisfied the district court in this case was not deprived of subject matter jurisdiction over Plaintiff's claims. We therefore need not reach Defendant's remaining arguments addressing prior exclusive jurisdiction. *See Crutchfield v. N.M. Dep't of Tax'n & Revenue*, 2005-NMCA-022, ¶ 36, 137 N.M. 26, 106 P.3d 1273 ("A reviewing court generally does not decide academic or moot questions.").

## II.     The District Court Did Not Err in Refusing to Dismiss Plaintiff's Complaint Based on the Statute of Limitations

**{22}**     In his answer below, Defendant asserted various affirmative defenses, including that (1) Plaintiff's claims were barred because it failed to serve Defendant with process

---

[3]To the extent Defendant also relies on a memorandum opinion in support of this argument, the opinion is distinguishable on its facts, and "memorandum opinions are not meant to be cited as controlling authority because such opinions are written solely for the benefit of the parties." *State v. Gonzales*, 1990-NMCA-040, ¶ 48, 110 N.M. 218, 794 P.2d 361, *aff'd*, 1991-NMSC-015, 111 N.M. 363, 805 P.2d 630. We therefore decline to consider this argument further.

within the applicable statute of limitations; and (2) Plaintiff's service of process was insufficient pursuant to Rules 1-004(C)(2) and 1-012(B)(5) NMRA because it failed to attempt to serve Defendant with reasonable diligence. The district court denied both affirmative defenses.

**{23}** On appeal, Defendant argues that the district court erred in refusing to dismiss Plaintiff's complaint, contending that Plaintiff's claims are barred by the statute of limitations. Defendant's statute of limitations argument, however, is not premised on Plaintiff's failure to file its complaint within the limitations period; Defendant acknowledges that Plaintiff filed its complaint within the six-year limitations period applicable to mortgages. *See* NMSA 1978, § 37-1-3(A) (2015) ("Actions founded upon any . . . promissory note . . . or other contract in writing shall be brought within six years."); *Griffith v. Humble*, 1942-NMSC-006, ¶ 7, 46 N.M. 113, 122 P.2d 134 (concluding that a mortgage was a contract in writing and the foreclosure thereof was subject to the six-year statute of limitations). Instead, Defendant contends Plaintiff's claims are time-barred because Defendant was not served with the complaint until *after* the statute of limitations had run.

**{24}** Although Defendant acknowledges "New Mexico is a jurisdiction in which service of process may be effected after the statute of limitations has expired," *Galion v. Conmaco Int'l, Inc.*, 1983-NMSC-006, ¶ 6, 99 N.M. 403, 658 P.2d 1130, he contends our case law supports the proposition that service of process may be effected after the statute of limitations has expired only when the plaintiff can establish that it attempted to serve such process on the defendant with due diligence as required by Rule 1-004. *See* Rule 1-004(C)(2) (providing that "[s]ervice of process shall be made with reasonable diligence"). Defendant argues Plaintiff did not serve process with due diligence, pointing to its failure to serve any of the defendants for nearly seven months after filing its complaint and its failure to serve Defendant for more than nine months after filing its complaint. This delay, Defendant asserts, constituted a knowing and intentional failure to act with the due diligence Rule 1-004(C)(2) requires. As a result, Defendant contends the district court's "refusal to dismiss [Plaintiff's] complaint, and its apparent finding that [Plaintiff] acted with the requisite 'due diligence' in serving process on Defendants is objectively unreasonable[] and constitutes an abuse of discretion."

**{25}** "Whether an action is barred by the applicable statute of limitations is a question of law that we review de novo." *Nelson v. Homier Distrib. Co.*, 2009-NMCA-125, ¶ 7, 147 N.M. 318, 222 P.3d 690. Likewise, "[w]e review the denial of a motion to dismiss de novo because such a motion tests the legal sufficiency of the allegations." *Padilla v. Wall Colmonoy Corp.*, 2006-NMCA-137, ¶ 7, 140 N.M. 630, 145 P.3d 110. Because, however, Defendant premises his statute of limitations argument on Plaintiff's failure to serve process with due diligence pursuant to Rule 1-004, we review the district court's decision for an abuse of discretion. *See Martinez v. Segovia*, 2003-NMCA-023, ¶ 29, 133 N.M. 240, 62 P.3d 331 (stating that "[i]n considering a motion relating to due diligence under Rule 1-004(F), the district court is to exercise its discretion in determining whether delay demonstrates a lack of due diligence and whether the delay warrants dismissal of the complaint" and that this Court reviews the district court's

determination for an abuse of discretion). An abuse of discretion occurs if, considering the circumstances before the district court, the court "exceeds the bounds of reason." *Summit Elec. Supply Co. v. Rhodes & Salmon, P.C.*, 2010-NMCA-086, ¶ 6, 148 N.M. 590, 241 P.3d 188 (internal quotation marks and citation omitted).

**{26}** Defendant argues the district court abused its discretion by refusing to dismiss Plaintiff's complaint, contending there is nothing in the record supporting the district court's decision. We are unpersuaded that the district court's decision exceeded the bounds of reason under the circumstances.

**{27}** In considering a motion relating to due diligence under Rule 1-004, New Mexico district courts "apply a standard of objective reasonableness" by "consider[ing] the totality of circumstances and . . . weigh[ing] the actions taken by [the plaintiff] to obtain service against the prejudice to the [defendant] resulting from the delay of service." *Martinez*, 2003-NMCA-023, ¶¶ 26-27.

**{28}** Regarding prejudice resulting from the delay of service, Defendant does not develop an argument that he has suffered prejudice because of the delay. Nor does Defendant provide any citation to the record indicating that he argued to the district court that he was prejudiced by the delay. Concerning the actions taken by Plaintiff to obtain service on Defendant, Plaintiff filed its complaint on December 30, 2015, but acknowledges it did not attempt to serve process on Defendant while it awaited dismissal from the 2010 action, which occurred on June 1, 2016. Our review of the record indicates Plaintiff contacted Defendant's counsel in early October 2016 and Defendant's counsel accepted service on October 17, 2016.

**{29}** Lastly, in considering the totality of the circumstances, we note that Plaintiff was dismissed from the 2010 action on June 1, 2016, filed an amended complaint on July 13, 2016, and began serving process on other defendants in this case in late July 2016. With regard to Defendant, Defense counsel acknowledged at the first summary judgment hearing that Defendant was living overseas.

**{30}** In light of Defendant's failure to demonstrate prejudice resulting from the delay of service, the fact that he was living overseas at the relevant time, and Plaintiff's rationale in delaying service until the 2010 action had been dismissed, we cannot say the district court's refusal to dismiss Plaintiff's complaint for failure to serve process with due diligence exceeded the bounds of reason. Even if we were to assume Plaintiff failed to serve process on Defendant with due diligence, Defendant has not adequately developed an argument as to why the delay warranted dismissal of the complaint, especially given his failure to show prejudice resulting from the delay of service. *See Martinez*, 2003-NMCA-023, ¶ 29 (stating that "[i]n considering a motion relating to due diligence under Rule 1-004(F), the district court is to exercise its discretion in determining whether delay demonstrates a lack of due diligence *and* whether the delay warrants dismissal of the complaint" (emphasis added)). Accordingly, we conclude there was no abuse of discretion. *See Talley v. Talley*, 1993-NMCA-003, ¶ 12, 115 N.M. 89,

847 P.2d 323 (stating there is no abuse of discretion "[w]hen there exist reasons both supporting and detracting from a [district] court decision").

**{31}** Having concluded that the district court did not abuse its discretion in failing to dismiss Plaintiff's complaint for failure to serve process with due diligence, we need not consider Defendant's assertion that New Mexico case law supports the proposition that service of process may be effected after the statute of limitations has expired only when the plaintiff can establish that it attempted to serve such process with due diligence. *See Crutchfield*, 2005-NMCA-022, ¶ 36.

**CONCLUSION**

**{32}** For the foregoing reasons, we affirm.

**{33}** **IT IS SO ORDERED.**

**KRISTINA BOGARDUS, Judge**

**WE CONCUR:**

**MEGAN P. DUFFY, Judge, (concurs in result only).**

**GERALD E. BACA, Judge**