692 P.2d 532

**Charlene COLE, et al.,
Plaintiffs-Appellees,**

v.

**Robert McNEILL, as Secretary for and the Health and Environment Department of the State of New Mexico, and The State of New Mexico, Defendants-Appellants.**

**No. 8058.**

Court of Appeals of New Mexico.

Nov. 29, 1984.

William G. Walker, Gen. Counsel, Clifford M. Rees, Sp. Asst. Atty. Gen., New Mexico Health & Environment Dept., Santa Fe, for defendants-appellants.

Pedro G. Rael, Rael & Jarner, Anthony Apodaca, Los Lunas, for plaintiffs-appellees.

## OPINION

WOOD, Judge.

Plaintiffs, as employees of the Los Lunas Hospital and Training School, sued to compel payment of exemplary performance awards. The complaint, filed on February 7, 1984, alleges that each plaintiff was recommended to receive an exemplary performance award, that funds were appropriated to pay the awards and that defendant McNeill refused to permit payment of the awards, contrary to law. Before the time for answer had expired, and thus before defendants were in default, plaintiffs filed an amended complaint. The record does not show that the amended complaint was served on defendants. *See* NMSA 1978, Civ.P.R. 5(a) (Repl.Pamp.1980). No timely answer was filed to the complaint. The district court entered a judgment by default on liability on March 20, 1984. The judgment reserves ruling on its face on the issues of damages, interest on the awards, and reasonable attorney fees, and provides that the issues are to be determined "at a hearing upon notice to each Defendant." The record indicates that the hearing has not taken place and that there has been no damage determination by the district court.

Defendants moved to set aside the default judgment on April 4, 1984. This motion was denied by the district court order of July 30, 1984. Defendants appeal from this July 30, 1984, order. Plaintiffs have moved to dismiss the appeal, arguing that defendants have not appealed from a final order or decision.

Civil appeals may be taken from any final judgment or decision. NMSA 1978, Civ.App.R. 3(a) (Repl.Pamp.1984). A judgment or decision is final if all issues of law and fact necessary to be determined are in fact determined, and the case is completely disposed of so far as the court has the power to dispose of it. *Johnson v. C & H Construction Co.*, 78 N.M. 423, 432 P.2d 267 (Ct.App.1967). The July 30, 1984, order is not a final judgment or decision.

New Mexico decisions have recognized that a judgment or order which reserves the issue of assessment of damages for future determination is not a final order for purposes of appeal. *Texas Pacific Oil Co. v. A.D. Jones Estate, Inc.*, 78 N.M. 348, 431 P.2d 490 (1967); *State ex rel. Sandoval v. Taylor*, 43 N.M. 170, 87 P.2d 681 (1939). The default judgment in this action was granted only on liability. As the district court stated: "There's no money involved in this particular default judgment at this time." Issues remain to be decided by the district court, thus there has been no final judgment or decision.

Defendants cite *Wooley v. Wicker*, 75 N.M. 241, 403 P.2d 685 (1965) and *Gallegos v. Franklin*, 89 N.M. 118, 547 P.2d 1160

**148**

(Ct.App.1976), for the proposition that any order denying a motion to set aside a default judgment is a final, appealable order. While these decisions contain language to that effect, they are distinguishable. None of the cases cited to us by defendants involve the granting of a default judgment solely as to liability with a reservation of the issue of damages, and a subsequent denial of a motion to set aside the default on liability. Our decisions which have recognized the appealability of such denial orders have involved default judgments which awarded damages. *Armijo v. Armijo*, 98 N.M. 518, 650 P.2d 40 (Ct.App.1982); *Gallegos v. Franklin.* No. damage award has been made in this action.

▬▬ There is a strong judicial policy against piecemeal appeals. That policy is applicable here, and will be applied. Orders denying motions to set aside default judgments where the issue of damages has not been decided are not final judgments. *Cf. Chronister v. State Farm Mutual Automobile Insurance Co.*, 67 N.M. 170, 353 P.2d 1059 (1960). Neither are they orders entered after entry of final judgment which affect substantial rights. Defendants did not seek an interlocutory appeal pursuant to NMSA 1978, Section 39–3–4(A).

The July 30, 1984, order was not an appealable decision. The appeal is dismissed. This dismissal does not dispose of any contention on the merits. Should the trial court enter judgment awarding damages to plaintiffs, defendants' appeal may properly assert that the trial court lacked authority to enter the default judgment as to liability and may properly assert that the trial court abused its discretion in failing to set aside the default judgment as to liability. All we hold in this opinion is that the appeal is premature for lack of an appealable decision.

IT IS SO ORDERED.

NEAL and BIVINS, JJ., concur.