13-3123, 13-3088, 13-3461
Ligon, Floyd v. City of New York

IN THE

UNITED STATES COURT OF APPEALS

FOR THE SECOND CIRCUIT

————

August Term, 2013

Decided: February 21, 2014

Docket Nos. 13-3123-cv, 13-3088-cv, 13-3461-cv

————

Jaenean Ligon, individually and on behalf of her minor
son, J.G., Jacqueline Yates, individually and on behalf of
a class of all others similarly situated, et al.

*Plaintiffs-Appellees*,

- v. -

City of New York, et al.,

*Defendants-Appellants*,

————

David Floyd, individually and on behalf of all others
similarly situated,

*Plaintiffs-Appellees*,

- v. -

City of New York,

*Defendant-Appellant,*


New York City Police Officer Rodriguez, et al.,

*Defendants.*

_____

Before: WALKER, CABRANES, AND PARKER, *Circuit Judges.*

_____

Defendant-Appellant City of New York moves for a limited remand to the District Court for the purpose of exploring a resolution to these cases. Also pending before the Court are motions to intervene as party appellants in both *Floyd v. City of New York* and *Ligon v. City of New York*, filed by the Patrolmen's Benevolent Association, the Detectives Endowment Association, the Lieutenants Benevolent Association, and the Captains' Endowment Association and a motion to intervene as a party appellant in *Floyd v. City of New York*, filed by the Sergeants Benevolent Association (collectively the "police unions").

We hereby **GRANT** the City's motion on terms indicated in this opinion. We **VACATE** the stay of proceedings in the District Court entered as part of the Court's Orders of October 31, 2013 and November 13, 2013, *In re Reassignment of*

*Cases*, 736 F.3d 118 (2d Cir. 2013), to the extent necessary to pursue settlement negotiations among such concerned or interested parties as the District Court deems appropriate, and **REMAND** the cause to the District Court (Analisa Torres, *Judge*) for further proceedings consistent with this opinion.

The schedule for briefing and other filings in the Court of Appeals is hereby **STAYED** pending the outcome of the proceedings in the District Court.

_____

Alex B. Karteron, Christopher Thomas Dunn, Daniel Mullkoff, New York Civil Liberties Union, New York, NY; Juan Cartagena, Roberto Concepcion, Jr., Latino Justice, New York, NY; Michael Grunfel, John A. Nathanson, Jeffrey J. Resetarits, Shearman & Sterling LLP, New York, NY; Mariana Louise Kovel, The Bronx Defenders, New York, NY; J. McGregor Smyth, New York Lawyers for the Public Interest, New York NY, *for Jaenean Ligon, et al*.

Darius Charney, Sunita Patel, Center for Constitutional Rights, New York, NY; Jennifer Rolnick Borchetta, Jonathan Clifford Moore, Beldock Levine & Hoffman LLP, New York, NY; Eric Hellerman, Kasey Lynn Martini, Covington & Burling LLP, New York, NY, *for David Floyd, et al*.

Zachary Carter, Celeste L. Koeleveld, Deborah A. Brenner, Kathy H. Chang, Heidi Grossman, Fay Sue Ng, New York City Law Department, New York, NY, *for City of New York, et al.*

Anthony P. Coles, Courtney Gilligan Saleski, DLA Piper, Philadelphia, PA, New York, NY, *for Sergeants Benevolent Association.*

Steven A. Engel, Dechert LLP, Washington, DC, Elisa Wiygul, Dechert LLP, Philadelphia, PA, *for Patrolmen's Benevolent Association of the City of New York, Inc., Detectives Endowment Association, Police Department, City of New York, Inc., Lieutenants Benevolent Association of the City of New York, Inc., Captains' Endowment Association of New York.*

---

PER CURIAM:

Pending before the Court are motions filed on January 30, 2014 by the City of New York (the "City") seeking limited remand of the above-captioned cases to the District Court for the purpose of exploring settlement. *Ligon*, No. 13-3123, Dkt. 274; *Floyd*, No. 13-3088, Dkt. 459. Also pending are a motion to intervene as a party appellant in *Floyd v. City of New York*, filed by the Sergeants Benevolent

4

Association on November 12, 2013, and motions to intervene as party appellants in both *Floyd v. City of New York* and *Ligon v. City of New York*, filed on November 7, 2013, by the Patrolmen's Benevolent Association, the Detectives Endowment Association, the Lieutenants Benevolent Association, and the Captains' Endowment Association. *See Ligon*, No. 13-3123, Dkt. 178; *Floyd*, No. 13-3088, Dkts. 252, 283.

I.

These cases, class actions alleging violations of the plaintiffs' Fourth and Fourteenth Amendment rights, were adjudicated by the United States District Court for the Southern District of New York. The District Court held defendants liable first in *Ligon*, *see* No. 12 Civ. 2274, 2013 WL 71800, amended 925 F. Supp. 2d 478 (S.D.N.Y. Feb. 14, 2013), and later in *Floyd*, --- F. Supp. 2d ----, No. 08 Civ. 1034, 2013 WL 4046209 (S.D.N.Y. Aug. 12, 2013) (together, the "Liability Opinions"). The District Court issued a separate opinion covering both cases that outlined remedial measures to be developed in light of the Liability Opinions and, in addition, required certain interim reforms by the City. --- F.

Supp. 2d ----, Nos. 12 Civ. 2274, 08 Civ. 1034, 2013 WL 4046217 (S.D.N.Y. Aug. 12, 2013) (the "Remedies Opinion").

The City sought a stay of the remedial measures in our Court pending the appeals in these cases, and on October 31, 2013, we granted the request for a stay and ordered the cases reassigned to a different district judge. Nos. 13-3123, 13-3088, 2013 WL 5835441 (2d Cir. Oct. 31, 2013). In a subsequent opinion, we clarified our reasoning. *In re Reassignment of Cases*, 736 F.3d 118 (2d Cir. 2013).

In an Order dated November 25, 2013, the Court held in abeyance all motions for en banc consideration that had been filed by plaintiffs and other third parties, related FRAP 29 motions, and the motions to intervene. The Court did so in order "[t]o maintain and facilitate the possibility that the parties might request the opportunity to return to the District Court for purpose of exploring a resolution." *Ligon*, No. 13-3123, Dkt. 242; *Floyd*, No. 13-3088, Dkt. 338.

II.

In accordance with the Court's order of November 25, 2013, in its motion, the City seeks a "limited remand . . . to the District Court for the purpose of

6

exploring a full resolution of the cases." Dkt. 459 at 2 ¶ 2. Specifically, the City, with the consent of plaintiffs, requests that the Court remand the cases to the District Court "for 45 days to permit the parties to explore a resolution." *Id*. ¶ 5. The City believes that such a resolution is possible and desirable, and that the public interest strongly favors this result. Dkt. 467 at 2 ¶ 6. The police unions oppose that request and contend that they should be granted leave to intervene and, if necessary, continue the appeal to protect collective bargaining interests and to contest findings by the District Court the unions believe to be unwarranted.

With respect to a motion to intervene at the appellate stage of a case, we have noted that while there is authority for granting such a motion, it is generally preferable that the decision be made first by the district court. *See Drywall Tapers & Pointers of Greater N.Y., Local Union 1974 of I.U.P.T., AFL-CIO v. Natasi Assocs.*, 488 F.3d 88, 94 (2d Cir. 2007).

Here, the proposed intervenors moved to intervene in the District Court. Those motions have not been adjudicated. In the circumstances presented here, we believe it preferable that the motions be addressed there in the first instance,

particularly because the appropriateness of intervention and the form it takes could well bear on settlement negotiations. Moreover, the District Court is better positioned to deal with the complexities that might arise during multi-faceted settlement negotiations in which a variety of interests must be accommodated. Finally, if necessary, the District Court may hold hearings and take evidence in order to provide this Court with a more complete record for any further review that might be sought.

## CONCLUSION

Accordingly, the City's motion is hereby **GRANTED**. Although the City requested remand for a period of 45 days, to the extent settlement negotiations remain fruitful, the District Court may extend the remand period for such additional reasonable time as would be helpful to achieving a resolution.

Insofar as the Court's Order of October 31, 2013, and the Order of November 13, 2013 that superseded it, stayed proceedings in the District Court, they are hereby **VACATED** and the cause is **REMANDED** to the District Court for the purpose of supervising settlement discussions among such concerned or interested parties as the District Court deems appropriate, and resolving the

motions to intervene.  The case in the District Court is otherwise **STAYED**, as directed in our Orders of October 31, 2013, and November 13, 2013, except insofar as is necessary to effectuate a settlement.

The briefing schedule in the Court of Appeals is hereby **STAYED** pending the outcome of the proceedings under the supervision of the District Court.

We hereby **ORDER** the Corporation Counsel of the City of New York, as counsel for the party seeking a remand to the District Court, to submit to the District Court, by no later than April 7, 2014, or such extension of time as the District Court deems appropriate, a status report on the settlement discussions.

We express no view on the merits of the pending appeals or on the merits of the pending motions to intervene.

The mandate shall issue forthwith.  Any appeals of the District Court's further orders are to be referred to this panel.