The slip opinion is the first version of an opinion released by the Clerk of the Court of Appeals. Once an opinion is selected for publication by the Court, it is assigned a vendor-neutral citation by the Clerk of the Court for compliance with Rule 23-112 NMRA, authenticated and formally published. The slip opinion may contain deviations from the formal authenticated opinion.

# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

Opinion Number: _____

Filing Date: **September 18, 2023**

**No. A-1-CA-40161**

**CARLA VALDEZ,**

     Plaintiff-Appellant,

v.

**BARBARA ERICKSON and RENTAL MANAGEMENT SERVICES, INC., a domestic corporation,**

     Defendants-Appellees,

and

**STATE FARM FIRE AND CASUALTY INSURANCE COMPANY,**

     Proposed Intervenor.

**APPEAL FROM THE DISTRICT COURT OF SANDOVAL COUNTY**
**James A. Noel, District Court Judge**

Weems Hazen Law
Bridget J. Hazen
Dathan L. Weems
Albuquerque, NM

for Appellant

O'Brien & Padilla, P.C.
Daniel J. O'Brien
Albuquerque, NM

for Appellees

Guebert Gentile & Piazza, P.C.
Elizabeth M. Piazza
Lawrence A. Junker
Albuquerque, NM

for Intervenor

**OPINION**

**BOGARDUS, Judge.**

{1}     This appeal requires us to consider a threshold jurisdictional question arising from an order granting an insurance company (Intervenor) leave to file a complaint in intervention. Although the district court granted the leave request, Intervenor never filed the complaint for declaratory relief that was attached to its intervention motion, and the district court eventually rendered summary judgment in favor of Defendants, which Plaintiff now seeks to appeal. Noting the presence of a party not addressed in the district court's judgment, this Court ordered Plaintiff to brief the question of how the presence of an intervenor who has not filed its complaint in intervention affects the finality of the judgment on appeal. *See Smith v. City of Santa Fe*, 2007-NMSC-055, ¶ 10, 142 N.M. 786, 171 P.3d 300 (noting that "it is incumbent upon the appellate court to raise jurisdiction questions sua sponte when the Court notices them"); *see also State v. Lohberger*, 2008-NMSC-033, ¶ 25, 144 N.M. 297, 187 P.3d 162 (explaining "[t]he requirement of an unambiguous filed final order is important to the orderly administration of the law"). Plaintiff has filed a brief addressing that question, which we have duly considered.

{2}     As more fully explained herein, recent changes to our rules governing finality, along with a due consideration of the importance of certainty in the finality of orders and judgments, requires us to conclude that the summary judgment in this case

adjudicated "the rights and liabilities of fewer than all the parties," Rule 1-054(B) NMRA, rendering it nonfinal for purposes of appeal. *See Lohberger*, 2008-NMSC-033, ¶ 34 (noting that both "[t]he rights of litigants and the integrity of our system of justice" require certainty with regard to finality).

**BACKGROUND**

{3} Plaintiff filed this suit against two named Defendants, alleging personal injuries arising from the condition of a leased residential property. Defendants are the owner of that property and the rental management company responsible for maintenance of the leased premises. Following Defendants' answers to Plaintiff's complaint, Intervenor filed a motion to intervene, asserting it had issued an insurance policy to one of the defendants, that the other parties are potential third-party beneficiaries of that policy, and seeking leave to file a complaint for declaratory relief regarding its potential obligations to defend or indemnify Defendants. That motion was unopposed, and the district court granted leave for Intervenor to file its declaratory judgment complaint, a copy of which was attached to the motion. Although Intervenor did not file the complaint, the litigation proceeded. Defendants successfully filed a motion for summary judgment on grounds involving statutes of limitation.

{4} In response to our order directing Plaintiff to brief the question of whether judgment is final for purposes of appeal, Plaintiff informs us both that Intervenor

has since filed its complaint as a separate declaratory judgment action and that Intervenor has no objection to this appeal moving forward. Plaintiff also asserts all issues that needed to be decided with regard to her complaint were, in fact, decided, and any questions involving Intervenor's obligations under its insurance policy were mooted by the district court's summary judgment in favor of Defendants.

**DISCUSSION**

{5}     Whether a judgment is final "is a jurisdictional question that an appellate court is required to raise on its own motion." *Khalsa v. Levinson*, 1998-NMCA-110, ¶ 12, 125 N.M. 680, 964 P.2d 844. In the absence of jurisdiction, this Court "must dismiss." *Thornton v. Gamble*, 1984-NMCA-093, ¶ 15, 101 N.M. 764, 688 P.2d 1268. The rule that appeals will lie only from final judgments "serves a multitude of purposes, including the prevention of piecemeal appeals and the promotion of judicial economy." *Handmaker v. Henney*, 1999-NMSC-043, ¶ 7, 128 N.M. 328, 992 P.2d 879. Further, because this Court's jurisdiction is limited to timely appeals from final judgments or orders, uncertainty with regard to finality risks the unintended forfeiture of appellate rights. *See Lohberger*, 2008-NMSC-033, ¶ 25. Accordingly, we have long emphasized "the importance of requiring a clearly recognizable final order that will serve its intended function as an avenue for appellate review." *Id.* ¶ 30. To the extent that Plaintiff asserts Intervenor has no objection to this Court's exercise of jurisdiction over this appeal, we note that subject

matter jurisdiction "cannot be waived or cured by the consent of the parties." *El Castillo Ret. Residences v. Martinez*, 2015-NMCA-041, ¶ 14, 346 P.3d 1164.

{6} The question of whether a judgment or order is final for appellate purposes is governed by Rule 1-054, which underwent significant substantive revisions taking effect on December 31, 2016. Before that revision, that rule contemplated entry of separate final judgments with regard to different parties:

> When multiple parties are involved, judgment may be entered adjudicating all issues as to one or more, but fewer than all parties. Such judgment shall be a final one unless the court, in its discretion, expressly provides otherwise and a provision to that effect is contained in the judgment.

Rule 1-054(B)(2) NMRA (2016); *see Rivera v. King*, 1988-NMCA-093, ¶ 4, 108 N.M. 5, 765 P.2d 1187 (holding, under prior rule, that the dismissal of all claims against one of multiple defendants constituted a final judgment as to that defendant); *see also Seaboard Fire & Marine Ins. Co. v. Kurth*, 1980-NMCA-112, ¶ 5, 96 N.M. 631, 633 P.2d 1229 (dismissing an appeal as untimely under the prior rule because "a judgment dismissing all claims of one plaintiff [was] final at that time, and such party [could not] wait until the remaining claims [were] concluded before appealing").

{7} As amended, however, the rule now contemplates the entry of a single final judgment, even where multiple parties are involved, unless the district court

4

expressly certifies that a judgment resolving the rights and liabilities of a single party should be treated by the appellate court as a final judgment.

> If an action presents more than one claim for relief, whether as a claim, counterclaim, cross[-]claim, or third-party claim, or if multiple parties are involved, the court may direct entry of a final judgment about one or more, but fewer than all, claims or parties, only if the court expressly finds no just reason for delay. Otherwise, any order or other decision, however designated, that adjudicates fewer than all the claims, or the rights and liabilities of fewer than all the parties, does not end the action for any of the claims or parties, and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities.

Rule 1-054(B). Following this amendment, the New Mexico rule now mirrors its federal counterpart by requiring that final judgments address the claims of all parties to the litigation. *See* Fed. R. Civ. P. 54(b) (declaring nonfinal a decision "that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties"); *Camarena ex rel. Camarena v. Superior Contracting Corp.*, 2023-NMCA-043, ¶ 15, 534 P.3d 186 (acknowledging the substantive similarity of the state and federal finality rules), *cert. denied*, 2023-NMCERT-006 (S-1-SC-39836); *Cordova v. Cline*, 2017-NMSC-020, ¶ 12 n.1, 396 P.3d 159 (explaining that the amendment to Rule 1-054(B) avoids "the piecemeal litigation" that occurred prior to the amendment).

{8}     The summary judgment at issue in this appeal contains no certification that it constitutes the final judgment in this case. During the case, Intervenor sought and was granted leave to have its rights and liabilities arising from an insurance policy

determined by the district court. As a result, Intervenor became a party to this case. *See Ruybalid v. Segura*, 1988-NMCA-084, ¶ 13, 107 N.M. 660, 763 P.2d 369 (explaining that intervention is the process by which "a person is permitted to become a party in an action between other persons, after which the litigation proceeds with the original and intervening parties"); 7C Charles Alan Wright, Arthur R. Miller, & Mary Kay Kane, *Federal Practice and Procedure* § 1920 (database updated April 2023) (noting that an "intervenor is entitled to litigate fully on the merits once intervention has been granted").

{9}      Our conclusion that Intervenor is a party to this suit and thus its claims must be adjudicated to establish finality is consistent with decisions from other jurisdictions. *See White v. Tex. Am. Bank/Galleria, N.A.*, 958 F.2d 80, 83 (5th Cir. 1992) (noting that upon being permitted to intervene, intervenors "became parties to the action, equal in status to the original parties"); *Narragansett Elec. Co. v. Constellation Energy Commodities Grp., Inc.*, 526 F. Supp. 2d 260, 276 (D.R.I. 2007) (holding that an intervenor became a party to an action upon the grant of a motion to intervene); *Petrosian v. Frizell*, 181 N.W.2d 10, 12 (Mich. Ct. App. 1970) (noting that "[u]pon the compensation insurance carrier being permitted to intervene it became a party to the litigation"); *Deutschmann v. Sears, Roebuck, & Co.*, 183 Cal. Rptr. 573, 575 (Ct. App. 1982) ("An intervener becomes an actual party to the suit by virtue of the order authorizing him to intervene." (alteration, internal

6

quotation marks, and citation omitted)); *In re J.D.*, 304 S.W.3d 522, 527 (Tex. App. 2009) (concluding that an appeal was "premature due to the presence of the intervention"). Similarly, there is persuasive authority for the proposition that the pendency of an unresolved motion to intervene prevents the entry of a final judgment. *See Ligon v. City of N.Y.*, 743 F.3d 362, 365 (2d Cir. 2014) (remanding in order that, inter alia, pending intervention motions could be adjudicated by the trial court); *Applebaum v. State Farm Mut. Auto. Ins. Co.*, 109 F.R.D. 661, 663 (M.D. Pa. 1986) (treating a judgment as nonfinal because pending motions to intervene amounted to "unfinished business" that must be addressed by the trial court).

{10} Because Intervenor did not proceed to file its complaint in this case, however, the district court never had any occasion to declare its rights and liabilities. As a result, we have a judgment before us that resolves all of the claims for relief asserted below, but without adjudicating the rights and liabilities of all the parties. Summary judgment in this case would have undoubtedly been a final judgment, pursuant to the version of Rule 1-054 in effect prior to December 31, 2016. The current rule, however, requires that Intervenor's rights and liabilities be addressed in any final order. *See* Rule 1-054(B).

{11} Plaintiff asserts that the district court's summary judgment is final because it resolves the issues of law and fact raised in her complaint. *See Cole v. McNeill*, 1984-NMCA-126, ¶ 3, 102 N.M. 146, 692 P.2d 532 (explaining that judgments are final

7

when "all issues of law and fact necessary to be determined are in fact determined, and the case is completely disposed of so far as the court has the power to dispose of it"). Although we agree that the issues raised by Plaintiff's complaint have, in fact, been determined, the case has not been "completely disposed of so far as the court has the power to dispose of it," *see id.*, given the presence of a party who has yet to assert claims it has been granted leave to assert. Stated in terms of Rule 1-054, although the summary judgment adjudicates "all the claims" asserted, it nonetheless adjudicates "the rights and liabilities of fewer than all the parties" because it fails to address the status of a party—Intervenor—whose rights and liabilities have yet to be adjudicated. *See* Rule 1-054(B). We note that there does not appear to be any impediment to the entry of an order or judgment unambiguously resolving the uncertain status of that party or certifying, if the district court deems it proper, that there is "no just reason for delay." *Id.*

{12}    Plaintiff further asserts that shortly after the district court granted its motion to intervene, Intervenor chose to file its complaint for a declaratory judgment as a separate action. As a result, Plaintiff suggests, Intervenor has a full and fair opportunity to litigate its declaratory judgment claim independent of this lawsuit. The inquiry is not, however, whether Intervenor's claims could be addressed in another proceeding. The inquiry is whether the claims Intervenor was permitted to bring in this proceeding have been addressed. It does not appear—either from the

8

record before us or otherwise—that anything prevents Intervenor from pursuing declaratory relief in the present case, notwithstanding its apparent decision to seek that relief elsewhere. These circumstances, which represent potential unfinished business in the case tried below, may be easily resolved by the entry of an order or judgment addressing Intervenor.

{13} Finally, Plaintiff asserts that if Intervenor were to pursue its declaratory relief in this suit, the ruling contained in the summary judgment likely mooted any question involving its duty to defend or indemnify Defendants. Whether the summary judgment resolved the question Intervenor was granted leave to raise, however, has not been addressed by the district court, and we decline to address that question in the first instance.

{14} Accordingly, Rule 1-054(B) requires the entry of a judgment or order addressing Intervenor's claims, or making the appropriate certification, before the summary judgment Plaintiff seeks to appeal will be final for appellate purposes. Requiring certainty with regard to finality serves the beneficial purpose of removing any doubt regarding the status of the claims and parties below. *See Lohberger*, 2008-NMSC-033, ¶ 25 (noting that uncertainty "may unintentionally forfeit a party's right to appellate review"). In the present case, certainty requires that the leave granted to Intervenor to file its complaint in intervention be addressed by the district court. Because finality determinations demand certainty, and cannot be the subject of case-

9

by-case adjudication, *see id.* ¶ 22, it is incumbent upon the parties and the district court to create an appellate record that demonstrates the finality of the judgment or order on appeal. *See id.* ¶ 25 ("The requirement of an unambiguous filed final order is important to the orderly administration of the law.").

**CONCLUSION**

{15}     Because the summary judgment at issue in this appeal adjudicates the rights and liabilities of fewer than all of the parties below, we conclude that no final judgment has yet been entered. Accordingly, this appeal is premature and must be dismissed for lack of jurisdiction.

{16}     **IT IS SO ORDERED.**


_____
**KRISTINA BOGARDUS, Judge**

**WE CONCUR:**


_____
**JENNIFER L. ATTREP, Chief Judge**


_____
**KATHERINE A. WRAY, Judge**