This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**No. A-1-CA-40268**

**FIRST ALAMOGORDO BANCORP OF NEVADA, INC. d/b/a FIRST NATIONAL BANK,**

Plaintiff-Appellee,

v.

**STEVEN E. WILLIAMS,**

Defendant-Appellant,

and

**CAROL S. WILLIAMS; WILLIAMS HOSPITALITY, L.L.C.; WILLIAMS LODGING, L.L.C.; AMERICAN INTERNET MORTGAGE, INC.; FIRST AMERICAN TITLE; and MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.,**

Defendants.

**APPEAL FROM THE DISTRICT COURT OF OTERO COUNTY**
**Ellen R. Jessen, District Court Judge**

Courvoisier Law, LLC
Rebekah A. Scott Courvoisier
Matthew R. Wade
Alamogordo, NM

for Appellee

DeNiro Law, LLC
Vanessa L. DeNiro

Rio Rancho, NM

for Appellant

**MEMORANDUM OPINION**

**BACA, Judge.**

**{1}** In this mortgage foreclosure case, Defendant-Appellant Steven Williams (Appellant) appeals from the district court's "Order Denying Motion to Set Aside Judgment and Sale" (the Order or Order Denying Rule 1-060(B) Motion). In the "Motion to Set Aside Judgment and Sale" (the Motion or Rule 1-060(B) Motion), filed pursuant to Rule 1-060(B)(1), (3), (4) and (6) NMRA, Appellant sought, inter alia, to set aside the district court's order granting "Summary Judgment" (the Summary Judgment) in favor of Plaintiff-Appellee First Alamogordo Bancorp of Nevada, Inc., d/b/a First National Bank (Appellee) and the subsequent orders approving the sale of two commercial properties owned by two limited liability companies (the LLCs) of which Appellant was a member. Having fully considered Appellant's claims of error, we affirm.

**DISCUSSION**[1]

**{2}** In reviewing claims of error, this Court presumes that the decision of the district court is correct, and therefore, it is the appellant's burden on appeal to establish how the district court erred. *See Farmers, Inc. v. Dal Mach. & Fabricating, Inc.*, 1990-NMSC-100, ¶ 8, 111 N.M. 6, 800 P.2d 1063 ("The presumption upon review favors the correctness of the [district] court's actions. Appellant must affirmatively demonstrate its assertion of error."). "[This Court] will not search the record for facts, arguments, and rulings in order to support generalized arguments," and the appellant must "demonstrate through discussion of facts, arguments, and rulings appearing in the record" how the district court erred. *Muse v. Muse*, 2009-NMCA-003, ¶ 72, 145 N.M. 451, 200 P.3d 104. The arguments made on appeal cannot be "surface presentations only." *Id.* When the argument is unclear or undeveloped, this Court will not review it. *See Headley v. Morgan Mgmt. Corp.*, 2005-NMCA-045, ¶ 15, 137 N.M. 339, 110 P.3d 1076 ("We will not review unclear arguments, or guess at what [a party's] arguments might be."); *Stanley v. N.M. Game Comm'n*, 2024-NMCA-006, ¶ 43, 539 P.3d 1224 ("We decline to review th[e] argument given its lack of development."). Further, "[w]here a party cites no authority to support an argument, we may assume no such authority exists." *Curry v. Great Nw. Ins. Co.*, 2014-NMCA-031, ¶ 28, 320 P.3d 482. With these principles in mind, we review Appellant's arguments on appeal. However, before we address the merits of Appellant's arguments, we must first address a jurisdictional question raised by Appellee.

---

[1]Because this is an unpublished memorandum opinion written solely for the benefit of the parties, *see State v. Gonzales*, 1990-NMCA-040, ¶ 48, 110 N.M. 218, 794 P.2d 361, and the parties are familiar with the factual and procedural background of this case, we omit a background section and leave the discussion of the facts for our analysis of the issues.

## I. The District Court's Denial of Appellant's Rule 1-060(B) Motion Was a Final Appealable Order

**{3}** Appellee contends that this appeal must be dismissed because, pursuant to Rule 1-054(B) NMRA and NMSA 1978, Section 39-3-2 (1966), the district court's Order Denying Rule 1-060(B) Motion was not final and appealable, depriving this Court of jurisdiction to hear Appellant's appeal. We do not agree and explain.

**{4}** In its brief, Appellee points out:

> [T]his is not an appeal of a summary judgment entered against [Appellant]. This is an appeal of the [d]istrict [c]ourt's denial of [Appellant's] Rule 1-060 . . . Motion to set aside the Summary Judgment entered against his codefendants. . . . [T]he question in this appeal is not whether the Summary Judgment was properly granted, but whether the [d]istrict [c]ourt's denial of [Appellant's Rule 1-060(B)] Motion to set aside th[e] Summary Judgment was proper.

Thus, Appellee's challenge here is not to the Summary Judgment, but to the order denying Appellant's Rule 1-060(B) Motion seeking to set aside the Summary Judgment. Specifically, Appellee contends that, "[t]he [district c]ourt's Order Denying [Rule 1-060(B)] Motion did not include the explicit finding that there was no just reason for delay and that the [O]rder was final for purposes of Rule 1-054. Accordingly, the Order may not be appealed pursuant to [Section] 39-3-2."

**{5}** We do not agree with Appellee's contentions because, although Appellee is correct that the Order Denying Rule 1-060(B) Motion does not contain the requisite language of Rule 1-054(B), we conclude that, in this instance, that language is unnecessary to make the Order Denying Rule 1-060(B) Motion a final, appealable order. This is the case because all issues raised by Appellant's Rule 1-060(B) Motion were fully disposed of by the district court's Order denying that motion and refusing to reopen the Summary Judgment. Appellant makes no argument that the district court's order denying his Rule 1-060(B) motion left anything undecided. *See Cole v. McNeill*, 1984-NMCA-126, ¶¶ 4-6, 102 N.M. 146, 692 P.2d 532 (holding that only when the district court reserves an issue, generally damages, for decision is the denial of a Rule 1-060(B) motion not final). Because no issue was reserved for decision, the district court's order denying Appellant's Rule 1-060(B) motion was a final, appealable order. We, therefore, conclude that the Order Denying Rule 1-060(B) Motion is final, thereby allowing us to exercise jurisdiction over this appeal.

## II. Appellant Did Not Demonstrate Error by the District Court in Its Denial of Appellant's Rule 1-060(B) Motion

**{6}** Rule 1-060(B) allows a court to "relieve a party . . . from a final judgment" in certain circumstances. Those circumstances, as relevant here, include the following:

(1) mistake, inadvertence, surprise, or excusable neglect;

. . . .

(3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party;

(4) the judgment is void;

. . . .

(6) any other reason justifying relief from the operation of the judgment.

The district court concluded that Appellant did not demonstrate grounds for relief under Subsections (1), (3), (4) or (6) of Rule 1-060(B) and therefore denied Appellant's Rule 1-060(B) Motion.[2]

**{7}** Except for rulings relating to Rule 1-060(B)(4), *see Chavez v. Cnty. of Valencia*, 1974-NMSC-035, ¶ 16, 86 N.M. 205, 521 P.2d 1154, "[w]e review the district court's ruling on motions for relief from final judgment under Rule 1-060(B) for abuse of discretion." *Trujillo v. Presbyterian Healthcare Servs., Inc.*, 2024-NMCA-004, ¶ 20, 539 P.3d 1216, *cert. granted* 2023-NMCERT-011 (S-1-SC-40109, Nov. 29, 2023). "An abuse of discretion occurs when a ruling is clearly contrary to the logical conclusions demanded by the facts and circumstances of the case." *Benz v. Town Ctr. Land, LLC*, 2013-NMCA-111, ¶ 11, 314 P.3d 688 (internal quotation marks and citation omitted). "In determining if an abuse of discretion occurred, we review de novo the application of the law to the facts." *Trujillo*, 2024-NMCA-004, ¶ 20.

## A. The District Court Did Not Err in Finding Appellant's Motion Under Rule 1-060(B)(1), (3) Untimely

**{8}** Motions pursuant to Rule 1-060(B)(1), (3) are required to be brought "not more than one (1) year after the *judgment* . . . was entered or taken." Rule 1-060(B)(6) (emphasis added). Appellant's Rule 1-060(B) Motion was brought over two years after the Summary Judgment was entered. The district court denied Appellant relief under Rule 1-060(B)(1), (3) because Appellant's motion, alleging those grounds, was untimely. Appellant argues that the district court erred because the time limitation was tolled by the automatic bankruptcy stay. We are not persuaded.

**{9}** In advancing this argument, Appellant relies on *In re Ebadi*, 448 B.R. 308, 315 (Bankr. E.D.N.Y. 2011). Appellant's reliance on *In re Ebadi* is misplaced. We explain.

---

[2]The district court's order also appears to conclude that Appellant lacked standing to bring the Rule 1-060(B) Motion. In this appeal, Appellant argues that any such conclusion was erroneous. Because the district court reached the merits of Appellant's motion regardless of any conclusion it reached as to standing, we will assume, without deciding, that Appellant had standing to bring the Rule 1-060(B) Motion.

**{10}** Relying on *In re Ebadi*, Appellant argues that "[b]ecause the [f]oreclosure [s]ale is a substantial step in a process that could lead to recovery of a deficiency judgment from [d]ebtor, it falls within the contours of 'any act to collect, assess, or recover a claim against the debtor,' which is prohibited by the automatic stay under [the bankruptcy code]." Therefore, Appellant argues, "[i]f foreclosure sale and the recovery of a deficiency judgment from a debtor is prohibited by the automatic stay, then it logically follows that the debtor's act to overturn the foreclosure judgment and sale is also stayed."

**{11}** *In re Ebadi* does not compel tolling of the time limits under Rule 1-060(B)(6) because Appellant overlooks a significant, essential, and fundamental difference between this case and *In re Ebadi*. That is, in this case, Appellee sought and obtained a ruling from the bankruptcy court that the stay did not apply to codefendants Carol Williams and the LLCs, thereby permitting Appellee to proceed with the foreclosure action against the codefendants while still maintaining the stay as to Appellant.[3] The district court simply complied with the bankruptcy court order. Whereas, the creditor in *In re Ebadi* proceeded with a foreclosure sale without seeking relief from the stay from the bankruptcy court despite knowing that debtor had filed for bankruptcy and that the stay was in effect. *See id.* at 311 ("[Creditor] knew of the existence of this bankruptcy case when it conducted the [f]oreclosure [s]ale, yet did not seek stay relief prior to conducting the [f]oreclosure [s]ale."). Thus, *In re Ebadi* is distinguishable and inapplicable.[4] There was no violation of a stay ordered by the bankruptcy court in this case.

**{12}** Consequently, we conclude that Appellant has failed to demonstrate that the district court erred by denying him relief under Rule 1-060(B)(1), (3). *See Dal Mach. & Fabricating Inc.*, 1990-NMSC-100, ¶ 8.

**B.** **The District Court Did Not Err in Denying Appellant's Motion Based on Fraud Upon the Court Under Rule 1-060(B)(6)**

**{13}** Appellant argues that he was entitled to relief under Rule 1-060(B)(6) because the Summary Judgment was "procured by fraud upon the [district] court." Appellant's arguments in this regard center on his assertions that Appellee made misrepresentations to the district court, which enabled Appellee to obtain the Summary Judgment. Appellant further asserts that fraud upon the court constitutes an exceptional circumstance under Rule 1-060(B)(6) and is not subject to the time constraints applicable to a claim of fraud under Rule 1-60(B)(3). We are not convinced.

---

3We note that Appellant fully participated in the bankruptcy court's consideration of Appellee's "Motion for (I) Confirmation That the Stay Does Not Apply, or, in the Alternative, (II) Relief From Stay" by filing its response to Appellee's motion and by appearing at the hearing held by the bankruptcy court on Appellee's motion.

4As well, we observe that the bankruptcy court in *In re Ebadi* does not discuss Rule 1-060, its federal counterpart, or, most importantly for our purposes here, how the time limits of Rule 1-060(B)(6) are tolled or otherwise affected by a stay issued in a bankruptcy proceeding.

**{14}** "A party seeking to set aside a default judgment under Rule 1-060(B)(6) must show the existence of exceptional circumstances and reasons for relief other than those set out in Rules 1-060(B)(1) through (5)." *Rodriguez v. Conant*, 1987-NMSC-040, ¶ 20 105 N.M. 746, 737 P.2d 527; *see Meiboom v. Watson*, 2000-NMSC-004, ¶ 31, 128 N.M. 536, 994 P.2d 1154 ("Rule [1-0]60([B])(6) provides a reservoir of equitable power to do justice in a given case, but it is limited to instances where there is a showing of exceptional circumstances." (internal quotation marks and citation omitted)); *id.* (noting that "a ground for relief under Rule [1-0]60(B)(6) must be extraordinary or exceptional" (internal quotation marks and citation omitted)).

**{15}** "Fraud upon the court embraces only that species of fraud which does or attempts to defile the court itself or which is perpetrated by officers of the court so that the judicial system cannot perform in a usual manner." *Moya v. Cath. Archdiocese of N.M.*, 1988-NMSC-048, ¶ 8, 107 N.M. 245, 755 P.2d 583. "Fraud upon the court occurs where there is a deliberately planned and carefully executed scheme to defraud the court." *Id.* Here, Appellant has failed to demonstrate any such scheme and therefore has failed to persuade us that the district court erred by denying him relief under Rule 1-060(B)(6).

**{16}** To the contrary, the record establishes that Appellee sought confirmation from the bankruptcy court regarding whether Appellee could proceed with its foreclosures against codefendants Carol Williams and the LLCs during the pendency of Appellant's bankruptcy stay. Appellant and the bankruptcy trustee responded to Appellee's motion. The bankruptcy court then held a hearing on Appellee's motion before issuing its order confirming that the stay did not apply to the district court proceedings concerning the codefendants. Thereafter, the district court, in its "Order from Hearing-Status Conference of May 24, 2019[,]" took judicial notice of the bankruptcy court's "Order Confirming That the Stay Does Not Apply" and found that the stay did not prohibit Appellee from pursuing its claims against codefendants Carol Williams and the LLCs. The district court further found that the stay prohibited the Appellee from pursuing its claims against Appellant, and it therefore ordered: (1) the proceedings against Appellant are stayed until the stay is lifted; and (2) no further action will be taken in the case against Appellant until the stay is lifted. Similarly, in the Summary Judgment, the district court took judicial notice of the bankruptcy court's order confirming that the stay did not apply, found that the stay did not prohibit Appellee from pursuing its claims against codefendants Carol Williams and the LLCs, the stay prohibited Appellee from pursuing its claims against Appellant, and explicitly retained jurisdiction to conduct further proceedings on Appellee's claims against Appellant on Counts I, II, and III of Appellee's Complaint until the stay no longer applied.

**{17}** Moreover, while this procedure resulted in a deficiency being asserted against Appellant in the bankruptcy proceedings, the record reveals that Appellant did not object to the asserted deficiency in the bankruptcy proceedings and paid it. In short, we cannot

say that the procedure allowed by both the bankruptcy court and the district court was the result of fraud upon the court.[5]

**{18}**     Additionally, while Appellant points to alleged discrepancies relating to duplication of expenses, including attorney fees, as further evidence of alleged fraud upon the court, Appellant offers only argument and conjecture that these constitute fraud upon the court and not simply clerical errors that could have been objected to at the time they were proffered. *See Chan v. Montoya*, 2011-NMCA-072, ¶ 9, 150 N.M. 44, 256 P.3d 987 ("It is not our practice to rely on assertions of counsel unaccompanied by support in the record. The mere assertions and arguments of counsel are not evidence." (internal quotation marks and citation omitted)). Appellant's arguments concerning an apparently erroneous statement from Appellee about when Appellant's bankruptcy stay had been lifted against him in his personal capacity suffer from the same deficiency.

**{19}**     Based on the foregoing, we conclude Appellant has failed to demonstrate that the district court erred by denying him relief under Rule 1-060(B)(6).

## C.     The District Court Did Not Err in Denying Relief Under Rule 1-060(B)(4)

**{20}**     Appellant argues that the judgment is void and therefore should have been set aside under Rule 1-060(B)(4). Appellant specifically argues that his "due process rights were violated when he did not receive adequate notice of the [Summary Judgment] proceedings" against his codefendants and the subsequent sale of the commercial properties. We disagree for the following reasons.

**{21}**     The Summary Judgment was specifically only entered against codefendants Carol Williams and the LLCs. In fact, determination of the claims against Appellant was expressly continued by the district court. Accordingly, we are not persuaded that Appellant was bound by the Summary Judgment such that failure to give him additional notice as to the proceedings against the codefendants Carol Williams and the LLCs constituted a due process violation. *Cf. Wells Fargo Bank v. Dax*, 1979-NMCA-157, ¶ 19, 93 N.M. 737, 605 P.2d 245 ("Due process requires a reasonable notice of the trial setting so that the person bound by the results of the trial would have the opportunity to have [their] day in court."). Additionally, as Appellee notes, Appellant did not cite any authority that a failure to provide a member of a limited liability company with notice of a judicial sale of property owned by the limited liability company constitutes a due process violation or otherwise renders a sale void and Appellant failed to rectify that failure in his reply brief. *See Curry*, 2014-NMCA-031, ¶ 28.

**{22}**     Even if Appellant was entitled to some notice of the pendency of proceedings, the record shows that Appellant was provided information adequate to put him on notice

---

[5]Because we conclude that there was no fraud perpetrated upon the district court, we need not decide whether fraud upon the court constitutes an exceptional circumstance under Rule 1-060(B)(6) and whether it is subject to the time constraints applicable to a claim of fraud under Rule 1-060(B)(3).

of the pending proceedings. As a result, Appellant suffered no due process violation and therefore the Summary Judgment is not void.

**{23}**　First, Appellant's awareness of the district court case is evident given that he personally appeared in the matter by answering the complaint and asserting counterclaims before seeking the protections of bankruptcy. For that reason, Appellant could have continued to independently monitor the proceedings during the pendency of his bankruptcy stay. Further, Appellant was apprised of Appellee's intent to move forward with its claims against codefendants Carol Williams and the LLCs during the pendency of Appellant's bankruptcy stay after Appellee sought and received confirmation from the bankruptcy court that they could do so.

**{24}**　Second, we note that Appellant received notice of the sales of the properties owned by the LLCs when it was served on his bankruptcy counsel—who was his only counsel of record at the time. The notices of sale specifically mention that the sale was following entry of summary judgment. Further, they were mailed only two days after entry of the Summary Judgment.

**{25}**　For these reasons, we conclude that Appellant has failed to demonstrate that the district court erred by denying him relief under Rule 1-060(B)(4). *See Dal Mach. & Fabricating Inc.*, 1990-NMSC-100, ¶ 8.

**CONCLUSION**

**{26}**　Finding no error, we affirm.

**{27}**　**IT IS SO ORDERED.**

**GERALD E. BACA, Judge**

**WE CONCUR:**

**JACQUELINE R. MEDINA, Judge**

**JANE B. YOHALEM, Judge**